State vs. Reed et al.

---

## No. 12,427.

THE STATE OF LOUISIANA VS. JOHN REED AND ANAIS PARKS.

The verdict of a jury is not vitiated by the misspelling of the word foreman on the indictment or the finding of the jury. State vs. Sheppard, 33 An. 1216.

Act No. 113 of 1876 authorizes the clerk to open a note of evidence so as to show the facts upon which a bill is taken, but the "*Statement of Facts*" therein referred to is directed not to stand "*in lieu of*" a bill, but to be "*annexed to*" a bill of exceptions which it is contemplated should be reserved and filed.

A party jointly indicted with defendant was placed on the stand on behalf of the defendant. On cross examination a confession made out of court by the witness implicating himself (the witness) and the accused was brought to the knowledge of the jury under an acknowledgment by the witness that he had made such a confession. The witness having made this admission the court left it to the jury to say which of the two statements made by the witness was correct.

HELD: This was error. When the State proposes to impeach or attack the credibility of one of defendant's witnesses by proof of statements made by him out of court, conflicting with those given on the stand, it is the duty of the District Attorney to state to this witness what those prior statements were and when and where made, and inquire of him whether or not he made the same. If the witness acknowledges to have done so, the prior statements so admitted by him to have been made should not be permitted to go to the jury as criminative evidence against the accused.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham*, Attorney General, and *James Simon*, District Attorney, for Plaintiff, Appellee.

*Edward Simon* for Defendants, Appellants.

Submitted on briefs March 20, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by

NICHOLLS, C. J. John Reed and Anais Parks were indicted jointly for murder. A severance having been obtained, Reed was tried and found " Guilty as charged." He has appealed from the sentence of death pronounced against him. The indictment charged that " they " (the parties indicted) " in and upon one Jacques Comeau, in the peace of the State then and there being feloniously, wilfully and of their malice aforethought, did make and assault and him, the said Jacques Comeau, feloniously, wilfully and of their malice aforethought then and there kill and murder."

Defendant moved in arrest of judgment for the reasons:

45

State vs. Reed et al.

1. Because the juror appointed as foreman of the petit jury did not sign the return of the finding of that body with the addition of the word "foreman," but with the addition of words of a different meaning and spelling, to-wit: the words "for-man," or "forman" if joined together.

2. Because the return of the so-called verdict does not couple the name of the defendant with the words "Guilty as charged," his name merely figuring at the top of the back of the document, disconnected with the said finding.

3. Because nowhere in the indictment is the word "unlawfully" used in connection with the crime charged.

4. Because the minutes of the court do not show that defendant was present when he is said to have pleaded to the indictment.

5. Because the court allowed the former District Attorney to assist the newly appointed District Attorney on the trial and have the same carried on the minutes, which was equivalent to an illegal appointment by the court of an Assistant District Attorney to represent the State, when no one had so requested except the District Attorney.

6. Because the term of court at which the so-called verdict was returned on the 15th of January, 1897, lapsed for the reason that the court having adjourned its session on the 23d of January to the following Monday, the 25th of the same month, the presiding judge did not come into court on the 25th to open and adjourn his court to another day, but simply wrote to the sheriff of the parish to adjourn the court on that day from New Iberia, owing to illness. That this course was illegal and unauthorized, said judge having omitted to instruct said sheriff to OPEN said court on said day AND THEN adjourn it, in consequence of which omission said sheriff merely ADJOURNED said court on said day to another day, the 28th of January, 1897, as instructed, *without first opening* the court, which had been closed by adjournment on the 23d instant. That said proceeding was a bar to any further proceeding in the case, and to the passing of sentence upon the defendant.

The court overruled the motion.

The motion in arrest was correctly overruled. The misspelling of the word "foreman," in leaving out the letter "e," is an insignificant fact. The pronunciation of the word was not changed, and besides, in State vs. Sheppard, 33 An. 1216, it was held that the ver-

dict of the jury is not vitiated by the fact that it is signed by the foreman without the usual addition of "foreman" appended to his signature.

The minutes of January 15th show under the title of the present case that "the jury returned into court and through their foreman, Fred. Schmidt, brought and delivered the following verdict, viz.: 'John Reed guilty as charged,' signed Fred. Schmidt Forman, and that on motion of counsel of the prisoner the court ordered that the jury be polled, which being done each juror answered that the verdict of 'guilty as charged,' was his verdict." The verdict might have been rendered orally, and practically it was so rendered independently of the writing. State vs. Sheppard, 33 An. 1217; State vs. Walters, 15 An. 648; State vs. Ross, 32 An. 854.

The verdict as rendered could have referred to no one other than the party on trial at the time. If there had been any possibility for mistake (which there was not), the writing of the name "John Reed" before the words "guilty as charged" fixed beyond question the identity of the person to whom the verdict referred.

There was no necessity for the word "unlawfully" to appear in the indictment. The latter was drawn in accordance with the requirements of Sec. 1048 of the Revised Statutes.

The minutes show that the accused was present in court and pleaded to the indictment.

There is no good cause for complaint that the former District Attorney should have been permitted, at the request of the new District Attorney to assist the latter in the prosecution of the case. The fact that an entry to that effect was made on the minutes did not make the assisting attorney an "assistant District Attorney" by appointment of the judge.

We find in the record, minutes as of the 25th of January, 1897. They read as follows:

"STATE OF LOUISIANA, \
"PARISH OF ST. MARTIN, \
"MONDAY, January 25, 1897.

"By virtue and in accordance with the following order viz.:

"'NEW IBERIA, January 25, 1897.

"'Sheriff David Reese, St. Martinsville, La.:

"'DEAR SIR—Being confined to my bed with fever and unable to

go to-day to St. Martinsville, you will please adjourn court until Thursday morning, the 28th instant, at 9 A. M.   You will cause this order to be spread on the minutes of the court.

"  ' Very respectfully,

" ' (Signed)      F. VOORHIES,
" ' *Judge Nineteenth Judicial District.*'

" Which said original order is hereto annexed and made a part hereof.   Sheriff David Reese and Clerk of Court William B. Easton, proceeded to the court room, and then and there Sheriff Reese opened and adjourned the court until Thursday the 28th instant, at 9 o'clock A. M.

" (Signed)      WM. B. EASTON,
" *Clerk of Court.*

" Approved:

" (Signed)   F. VOORHIES, Judge."

The judge was authorized to give this order to the sheriff and the court stood properly adjourned by the sheriff acting under it.   (Revised Statutes, Sec. 1934.)

We find in the record a " statement of facts " signed by the District Clerk which is declared to " stand in lieu of a bill of exceptions " and which has been treated as such by all parties evidently under the impression that Act No. 113 of 1896 authorized such a statement to be made by the clerk and that being so made a formal bill of exceptions was dispensed with.   In this there is error.   The act authorizes the clerk to open a note of evidence so as to show the facts upon which a bill is taken, but the statement of facts is directed not to stand " in lieu of " but to be " annexed to " a bill of exceptions which it is contemplated should be reserved and filed.   Under a strict application of the rules of practice governing appeals in criminal cases, matters complained of by an appellant when attempted to be brought to our attention in the irregular manner in which this case has been presented would not be considered, but it being one involving life and the statute one only recently enacted, we have, in view of those facts, coupled with the grave character of the errors charged, felt justified in dealing with this as an exceptional one.   When the State proposes to impeach or attack the credibility of one of defendant's witnesses by proof of statements made by him out of court, con-

flicting with those given on the stand, it is the duty of the District Attorney to state to the witness what those prior statements were and when and where made, and inquire of him whether or not he made the same.   If the witness acknowledges to have done so, the prior statements so admitted by him to have been made, should not be permitted to go to the jury as criminative evidence against the accused.   This admission should not carry the prior statements to the jury as "substantive evidence" against the prisoner. but on the contrary, the court should specially and expressly caution the jury from giving to it that effect.   In the case at bar we gather from the statement of facts that when Anais Parks (who was jointly indicted with Reed) was on the stand as a witness for defendant, a confession made out of court by the witness, implicating the witness and Reed, was brought to the knowledge of the jury under an acknowledgment by Parks that he had made such a confession, and that the witness having made this admission, the court left it to the jury to say which of the two statements made by the witness was correct.

If the confession in question was admissible against the appellant it should have been placed before the jury at a different time and under different conditions.

For the reasons herein assigned it is ordered, adjudged and decreed that the verdict of the jury and the judgment of the court therein rendered be and the same are hereby annulled, avoided and reversed, and it is ordered, adjudged and decreed that this cause be remanded to the District Court for a new trial.