(63 South. 902.)

No. 20,017.

STATE v. POUSSON.

(Dec. 1, 1913. Rehearing Denied Jan. 5, 1914.)

*(Syllabus by Editorial Staff.)*

1. WITNESSES (§ 351*)—CROSS-EXAMINATION—FOUNDATION FOR IMPEACHMENT.

A question asked accused, on cross-examination on his trial for incest with his sister, .whether he had not tried to persuade her to place the blame on some one else is at most asked to lay a foundation for impeaching him by showing that he testified falsely if he answered in the negative.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1150, 1151; Dec. Dig. § 351.*]

2. WITNESSES (§ 388*)—CROSS-EXAMINATION—FOUNDATION FOR IMPEACHMENT.

Where accused, on trial for incest with his sister, testified that he had not committed the crime, a question on cross-examination whether he had not tried to persuade her to place the blame on some one else was proper to contradict his testimony by his own statement or to impeach him if he answered in the negative.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1233–1242, 1246; Dec. Dig. § 388.*]

3. CRIMINAL LAW (§ 683*)—EVIDENCE—ORDER OF PROOF.

Where the state proved accused guilty of incest with his sister by her testimony, it could rest and reserve for rebuttal any evidence to contradict accused in case he denied committing the crime.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1615–1617; Dec. Dig. § 683.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell,. Judge.

Hebrard Pousson was convicted of incest,. and appeals. Affirmed.

Percy T. Ogden, of Crowley, for appellant. R. G. Pleasant, Atty. Gen., and C. B. De Bellevue, Dist. Atty., of Crowley (G. A. Gondran, of Donaldsonville, of counsel), for the State.

PROVOSTY, J. The accused was convicted of incest, and sentenced . to 18 years in the penitentiary, and has appealed.

On cross-examination he was asked whether he had not tried to persuade his sister, with whom the incest was charged to have been committed, "to place the blame on some one else." To that question his counsel objected on the following grounds:

"First, that the state had failed to lay the proper foundation to contradict the accused, viz., by not placing him on his guard or calling his attention to the time, place, and circumstances or by whom he would be contradicted; second, that the state cannot cross-examine the witness upon any matter not brought out in his examination in chief, and that this particular matter was not touched upon in chief, nor was it touched upon in the state's case in chief; third, that the state, under the law as it now exists must offer all of its material evidence in chief and cannot save the same for rebuttal if that be the intention."

[1, 2] The answer to this first objection is. that the state was not then contradicting the witness but was at most merely laying a foundation for doing so later. The answer to the second of these objections is that it is not true that the fact inquired about had not been brought out by the accused in his examination in chief. He had

testified that he had not committed the criminal act charged against him, and the object of the question was to contradict that statement of his by showing, if possible, out of his own mouth, that he had done so, by proving a conversation between him and his sister in which it was assumed and recognized that he had committed the act. The answer to the third of these objections is that the state was not then offering rebutting evidence but was cross-examining the accused for the double purpose of impeaching him out of his own mouth if he answered the question in the affirmative, or laying a foundation for impeaching him by showing him to have testified falsely if he answered the question in the negative.

[3] When, later on, the prosecution undertook to prove this conversation between accused and his sister, objection was made on the ground that the evidence should not have been withheld to be offered in rebuttal but should have been offered in chief.

The state was not bound to cumulate evidence unnecessarily. After it had established by the testimony of the sister that the crime had been committed, it had a perfect right to assume that the accused would not perjure himself by denying what was true, and therefore had a perfect right to rest, and reserve for rebuttal any evidence it had for contradicting accused in case he made such denial.

Judgment affirmed.