175 So. 69

**STATE v. WARD.**

No. 34272.

May 24, 1937.

Maurice R. Woulfe and George M. Brooks, both of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Charles A. Byrne, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

HIGGINS, Justice.

The defendant, Leonard Ward, and James Howard were charged jointly with the crime of assault and robbery. They were tried together and convicted before section "E" of the criminal district court for the parish of Orleans and each sentenced to a term of imprisonment, at hard labor, in the state penitentiary of not less than four years and eight months, nor more than fourteen years. Ward, alone, appealed, relying on two bills of exception.

Bill No. 1 was taken during the course of the cross-examination of the accused, Ward, by the assistant district attorney, who insisted on and was permitted by the trial judge, over the defendant's objection, to interrogate him for the purpose of affecting his credibility and contradicting him by referring to an alleged written statement or confession made by him to the police, when the State's attorney failed, in making his opening statement to the jury, to mention that he would use the statement or confession.

The trial judge, in his per curiam, states:

"Counsel for defendant, Leonard Ward, complains in his bill of exception No. 1 that the court allowed the assistant district attorney on cross-examination of said defendant, Ward, to prove by said defendant

that he had made a written statement or confession, when, in fact, said counsel further complains, the assistant district attorney did not so tell the jury in his opening statement and was therefore precluded from any such attempt to prove the written statement or confession. (See Article 333, Code of Criminal Procedure.)

"Counsel further alleges that he made timely objection, etc., and finally reserved his bill of exception.

"A few moments before the trial, Mr. Luzenberg, assistant district attorney, informed the court, in chambers, that his whole private file of this cause was missing; that the police files at headquarters were missing; that nothing could be found but the written statement of the defendant Howard. It was understood that defendant Ward's statement, missing along with other papers, could not be mentioned by the assistant district attorney in his opening statement since he would not be able to produce it for consideration by court and jury; so the assistant district attorney mentioned only the written statement of defendant, Howard, and said nothing of the missing statement of defendant Ward.

"Later Detective Lannes for the State was being cross-examined by the assistant district attorney who asked this question: 'You say the other defendant made a verbal statement?' (meaning defendant, Ward) without objection from defendant's counsel (Tr. p. 40); still later defendant, Ward, on examination by his counsel was asked this question: 'Did you ever make any statement in this case?' The answer was in the affirmative with explanations. (Tr. p.

57.) This testimony was incidental to the matters affecting the admissibility of the statement of Howard mentioned in the assistant district attorney's opening statement and when finally Ward again took the stand on the merits, the assistant district attorney took him over for cross-examination. Here I must ask the learned justices of the Supreme Court to read the testimony at pages 124, 125, 126, etc., of the transcript. The statement of Ward was not read to the jury nor offered in evidence, and the substance of the cross-examination was to affect the credibility of the defendant Ward's testimony and was for this reason allowed.

"The article 333 of the Code of Criminal Procedure must be construed strictly, Mr. Luzenberg having lost possession of Ward's statement was precluded from telling the jury that he intended to offer Ward's statement or confession, as the case may be. Since the paper was not read to the jury nor to the court or counsel and was not offered in evidence, we have no means of knowing whether it was a statement or confession, and the few questions asked the defendant Ward with reference to the supposed statement could not be barred by invoking the provisions of said Article 333."

The district attorney apparently found his file, because later he produced Ward's written statement.

The pertinent part of the record shows:

"Cross Examination:

"Mr. Luzenberg:

"Q. Ward, didn't you make a statement to the police at the Twelfth Police Station

on the 11th day of March, in which you admitted this robbery, and didn't you sign this statement?

"Mr. Woulfe: I object to that.

"Mr. Luzenberg: I have a right to ask my question.

"Mr. Woulfe: No, not to prejudice this jury.

"The Court: Mr. Luzenberg, just one second. Suppose you approach that situation this way: Show him the statement that you want to use, ask him to read it, and ask him if he signed it. * * *

"Mr. Woulfe: If your Honor please, just hear me a minute before this is done. * * *

"Mr. Woulfe: * * * I am making this objection that this matter is not covered in the opening statement. * * *

"Mr. Woulfe: This bill is taken and the objection is made, for the reason that there is nothing said in an opening statement by the District Attorney in this case concerning any statement, or any alleged statement, that this defendant is supposed to have made. And furthermore, that this method of introducing this statement at this time is an indirect way of getting illegal evidence before the jury which he cannot do directly. I make the entire remarks of this witness, and testimony of this witness, and the Court, and the Court's ruling, and the District Attorney's offer, part of this bill of exception.

"Mr. Luzenberg:

"Q. Read that, please, and see if you signed it? (Witness reads the statement to himself.)

"Q. That is your signature there, isn't it?

"A. Yes, sir.

"Mr. Woulfe: Of course, I don't want to interrupt. This objection goes to every question asked about this statement.

"The Court: Everything on this line.

"Mr. Luzenberg:

"Q. You signed that statement? A. I signed it.

"Q. That statement where you signed it was in the Twelfth Precinct Police Station?

"A. Yes, sir, I signed it in the station.

"Q. In that statement, didn't you state that you held up this man—this driver?

"A. Yes, sir. * * *"

At another place in the record, the accused stated that he was compelled by physical violence to make a confession.

Preceding this cross-examination. the defendant, who took the stand in his own defense, denied that he had been with James Howard on the day of the alleged crime, stating that he had been at his sister's home all during that day and that he had not robbed the driver of the laundry truck and had no knowledge thereof. The assistant district attorney states that he was using Ward's alleged statement or confession to affect his credibility and to contradict him.

Both of the accused had previously taken the witness stand for the purpose of showing that the written confession of James Howard—referred to by the State's attorney in his opening statement—had been

obtained by the police through physical violence committed upon them.

The trial judge ruled that the State had sufficiently shown that Howard's confession was free and voluntary and admitted it in evidence, instructing the jury that they should disregard any statement made by Howard incriminating Ward, because the latter was not present when Howard made and signed the confession. It was at that stage of the trial that Detective Lannes testified that Ward had made a verbal statement, but the State's attorney did not make any attempt to have the witness state what Ward had said. It was also at that time that Ward testified that he was forced by corporal punishment to confess. All of this testimony was given in connection with the question of whether or not Howard's confession was admissible. No attempt was made to introduce Ward's alleged confession at any time.

In the case of State v. Ducre, 173 La. 438, 444, 137 So. 745, 747, the district attorney, in making the opening statement to the jury, merely read the information charging the defendant with forgery and the statute on that subject. The trial judge was of the opinion that this was a sufficient compliance with article 333 of the Code of Criminal Procedure, because the law did not define the nature of the opening statement of the prosecuting attorney. In the original opinion, this court held that that was an adequate compliance with the law and that the scope and extent of the opening statement was in the control of the trial judge in his sound discretion.

On rehearing, the court set aside its original decree, and stated:

"The error committed by us in our original opinion was in reaching the conclusion that the reading by the district attorney of the information and the statute on forgery constituted an opening statement by that officer.

"Such is not the case, as clearly appears from the language of article 333 of the Code of Criminal Procedure, which reads as follows: 'The jury having been empanelled and the indictment read, the trial shall proceed in the following order: The reading of the plea to the jury; the opening statement of the district attorney explaining the nature of the charge and the evidence by which he expects to establish the same; the opening statement by counsel for the defendant at his option explaining the defense and the evidence by which he expects to prove the same, etc.'

"The information or indictment and the plea of defendant are read to the jury before the opening statement of the district attorney is made. In making this opening statement, the district attorney is required to explain the nature of the charge and state the evidence by which he expects to establish the charge. This the district attorney did not do at all, and the trial judge refused to compel him to do so, when so requested by counsel for defendant.

"In our opinion, the refusal of the trial judge to instruct the district attorney to comply with article 333 of the Code, by making an opening statement as therein directed, is reversible error.

"The language of article 333 is mandatory: 'The trial shall proceed in the following order.'

"While the scope and extent of the opening statement of the district attorney may be within the control of the trial judge in the exercise of a sound discretion, it is not within his discretion to dispense with the opening statement of the district attorney entirely, since it is the mandatory duty of that officer to make such statement.

"The framers of the Code of Criminal Procedure clearly intended that the making of the opening statement by the district attorney should be deemed sacramental, since article 333 leaves it to the mere option of the counsel for defendant as to whether he shall make any opening statement at all as to the defense and the evidence in support of same.

"Judging from its phraseology, the purpose of the article in question must be to make the district attorney show his hand as to the state's evidence, as a matter of fairness to the accused, as well as to advise the jury concerning the questions of fact involved.

"To affirm the verdict in this case, in which no opening statement at all has been made by the district attorney, would be for this court to read out of the Code of Criminal Procedure article 333, prescribing the order of procedure in the trial of criminal cases in this state, and to substitute its own views on the subject."

In State v. Silsby, 176 La. 727, 146 So. 684, in an opinion written by the justice who wrote the original opinion in State v. Ducre, supra, it appears that the defendant was convicted of the crime of robbery, upon his written confession, which he stated in his testimony had been obtained through physical and mental punishment. This court, after reaching the conclusion that the State had successfully rebutted defendant's testimony that the confession was involuntary, took up the exception based on the ground that the district attorney did not, in his opening statement, inform the court, the jury, and the defendant that he intended to offer in evidence the confession by the defendant. The district attorney gave a detailed account of how the alleged crime had been perpetrated, but did not mention the fact that he would rely upon the defendant's confession to prove the State's case. The court, in its opinion, after quoting article 333 of the Code of Criminal Procedure, and quoting extensively from the case of State v. Ducre, supra, concluded:

"In our opinion the statute requires the district attorney to set forth not only the facts which he expects to prove, but also the evidence, i. e., the nature of the evidence, by which he expects to prove them, whether oral or written, or direct or circumstantial, or confessed. When the trial begins the time for skirmishing is over and the battle is on; and the statute contemplates that the state itself shall thenceforth battle in the open and not behind ramparts; that the district attorney shall then 'show his hand as to the state's evidence, as a matter of fairness to the accused.' * * *

"For this reason we think the confession should have been excluded.

"Decree.

"For the reasons assigned the verdict and sentence herein are set aside, and the

case is now remanded for a new trial." 176 La. 727, at pages 744, 745, 146 So. 684, 689.

■ The foregoing authorities make it clear that the State's attorney could not use Ward's statement or confession as a part of the State's evidence, because he failed to mention it in his opening statement and this was fatal to its admissibility.

■ The quoted part of the record shows conclusively that the purported written statement of Ward was a confession. The fact that the document itself was not introduced in evidence is immaterial, since the district attorney placed before the jury, through the cross-examination of the defendant, the most damaging part of the confession, which was the admission of guilt. The introduction of the statement itself in evidence certainly can do no more injury to the defendant than by using the contents of the statement to compel the defendant to admit in the presence of the jury that he confessed. Since the State could not get before the jury the confession, having failed to lay the proper predicate in the opening statement for that purpose, and the confession being inadmissible for that reason, the State could not indirectly, by a process of cross-examination, on the theory of contradicting and affecting the accused's credibility as a witness, have placed before the jury the contents of the written confession.

■ A confession cannot be introduced in evidence until the State shows it was free and voluntary. No attempt was made to prove that Ward's purported confession was a voluntary expression, for the State's counsel did not mention the confession in his opening statement and the proof that the police did not use force was confined to Howard's confession. To hold that the cross-examination of Ward with reference to his alleged confession was proper, would be in effect saying that the State can dispense with both the requirements of the law that the confession must be referred to by the district attorney in his opening statement and must be shown to be voluntary.

The second bill of exception involves the same issue, which was reiterated in the motion for a new trial.

For the reasons assigned, the verdict of the jury and the sentence of the court herein are set aside and the case is remanded for a new trial.