62 So.2d 265

**STATE v. ROCCO.**

No. 40945.

Dec. 15, 1952.

Maurice R. Woulfe, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Matthew S. Braniff, Asst. Dist. Atty., New Orleans, for the State.

McCALEB, Justice.

Appellant was charged with the attempted murder of one Elmer L. Bahan. The first hearing resulted in a mistrial but, on a retrial, he was found guilty of attempted manslaughter. Following the imposition of a sentence of five years in the State Penitentiary, he prosecuted this appeal depending on four bills of exceptions for reversal of his conviction.

The first bill was reserved to the refusal of the judge to order the court stenographer to read to the jury, from his stenographic notes taken at the first trial, certain testimony given by the prosecuting witness, Bahan. This evidence was offered for the alleged purpose of impeaching Bahan's statement at the second trial that he had not denied, at the first trial, that he had been previously arrested and charged in the Criminal District Court with the offense of assault with a dangerous weapon but that he had merely misunderstood the question concerning his prior arrest when it was propounded to him.

The complaint is without merit. In the first place, the purported contradictory testimony given by Bahan is not annexed to the bill and, consequently, we have no way of knowing whether appellant was prejudiced by the ruling, even were we to consider it to be incorrect. But the ruling was not erroneous for—whereas the impeachment of a witness is in order, when the foundation is laid in accordance with Article 493 of the Code of Criminal Procedure, LSA–R.S. 15:493, by a showing that he gave a contradictory statement,[1] this right is limited to matters germane to the prosecution. "It is not competent to impeach a witness as to collateral facts or irrelevant matter." Article 494 Code of Criminal Procedure, LSA–R.S. 15:494. In the case at bar, the impeachment sought had reference to a collateral fact—whether the prosecuting witness had denied in his previous testimony that he had been arrested.

Bill of Exceptions No. 2 was taken to the overruling of an objection of defense counsel to the introduction in evidence, in connection with the cross-examination of appellant, of a letter written by him to the Ford Motor Company of Detroit, Michigan, approximately 60 days prior to the commission of the offense for which he was being prosecuted. The facts of the case necessary to a proper understanding of the question presented by this bill are as follows:

Appellant had purchased a Ford automobile in Zion, Illinois several months before he shot Bahan. He was wholly dissatis-

1. And it is proper to order the court stenographer to read notes of the witness' testimony given on a former trial. State v. Soleto, 162 La. 717, 111 So. 72.

fied with the car, claiming that it was a "lemon". So exasperated had he become at his inability to obtain satisfactory adjustment of his purchase, that his grievance was directed against all dealers of Ford automobiles. The feeling he harbored was of such vehemence that he undertook a personal picketing campaign against the vendors of Ford automobiles, and particularly the business of New Orleans Motor Company, where Bahan was employed as a salesman. Appellant's method of operation consisted of driving his Ford car, painted and pasted with writings derogatory of its quality, in front of the establishment of New Orleans Motor Company for the express purpose of injuring its business. While he was thus picketing the company's building on May 8, 1951, Bahan hailed him and, when appellant stopped his car, went over to it and remonstrated appellant's unseemly conduct. Thereupon, he was shot in the back by appellant with one of the two pistols the latter carried in the automobile.

Appellant testified in his own behalf that the shooting was accidental and that he was also afraid that Bahan might do him bodily harm. On cross-examination, he was asked by the Assistant District Attorney whether he had written a letter to the Ford Motor Company regarding his unsatisfactory purchase, in which he had stat-

ed, among other things, that "The police told me to shoot the next thug to put his hand in the car and thats just what I'm going to do". His counsel objected to this line of questioning and also reiterated his protest when the judge, after appellant's admission of the authorship of the letter, permitted it to be received in evidence in connection with his testimony.

The trial judge thought the letter admissible as part of the res gestae and that it was closely related to the issue of "general malice, general criminal intent, specific intent and motive".

Appellant contends that the judge was wrong in his ruling for the reason that the letter was too disconnected from the criminal act to form part of the res gestae and that it could not properly be considered as a threat against Bahan.

While we think it clear that the letter would have been admissible on the state's case in chief (provided that it was mentioned in the opening statement) for the purpose of showing guilty knowledge and intent,[2] Article 446 of the Code of Criminal Procedure, LSA–R.S. 15:446; State v. Graffam, 202 La. 869, 13 So.2d 249, it was not offered as original evidence but only during the cross-examination of appellant for the obvious purpose of testing his credibility as a witness. That it was receivable for this object—to weaken and

---

2. We find it unnecessary to express an opinion on whether the letter would have been admissible as part of the res gestae, if it had been offered by the State on its case in chief.

destroy appellant's testimony that the shooting was accidental, or in self defense—we have not the slightest doubt. Articles 486 and 490, Code of Criminal Procedure, LSA-R.S. 15:486, 15:490; Marr's Criminal Jurisprudence, Section 627; State v. Pousson, 134 La. 279, 63 So. 902.

■ Accordingly, the judge did not err in admitting the evidence notwithstanding that his ruling was founded on an incorrect premise.[3]

■ While appellant was on the witness stand, he stated that one Lopez was present at the time of the shooting and also that he was kicked by two motorcycle policemen when they arrived on the scene. In an endeavor to impeach this testimony, the assistant district attorney asked appellant on cross-examination whether he had told the police about the presence of Lopez and also whether he had reported that he had been kicked by the motorcycle policemen. Defense counsel objected to the examination of appellant on any statement that he had given the police and, when overruled, reserved Bill of Exceptions No. 3.

Counsel argues that it was improper for the judge to permit appellant to be cross-examined upon the statement, which was in writing, made by him shortly after his arrest inasmuch as the district attorney had not mentioned in his opening statement that he intended to use this report as evidence. The cases of State v. Silsby, 176 La. 727, 146 So. 684 and State v. Ward, 187 La. 585, 175 So. 69 are said to support this proposition.

The point is not well founded. We know of no good reason why appellant should not have been cross-examined upon his written declaration to the police provided that the statement was not a confession of guilt. The statement of appellant was not offered in evidence and he was examined only on that part of it concerning his failure to tell the police of the presence of Lopez and to relate the alleged kicking incident. Hence, since it is not attached to and made part of the bill of exceptions, we cannot say that it was a confession[4] and, without a showing that it was, the authorities relied on by counsel are not apposite.

In State v. Silsby, supra, the court held that a confession, although shown to be voluntary, was inadmissible because the district attorney failed to comply with Ar-

---

3. We are not unmindful of the legal principle that, where impeaching evidence is received, it becomes the duty of the judge to caution the jury that such evidence should not be considered as proof of defendant's guilt. State v. Reed, 49 La.Ann. 704, 21 So. 732 and State v. Paul, 203 La. 1033, 14 So.2d 826. This rule, however, is necessarily restricted to cases involving the impeachment of witnesses other than the defendant—specifically to instances in which the inconsistent statement of a witness used as impeaching evidence tends to incriminate the defendant. State v. Reed, 206 La. 143, 19 So.2d 28.

4. The state ascribes in its brief that it was an exculpatory statement.

ticle 333 of the Code of Criminal Procedure, LSA–R.S. 15:333, by declaring in his opening statement that he would offer it in evidence.

And the rationale of the opinion in State v. Ward, supra, relied on heavily by counsel, is that a confession, which has not been tendered on the state's case in chief and shown to be voluntary, may not be used in cross-examination of an accused for the avowed intention of impeaching his credibility.

Bill No. 4 was taken to the overruling of appellant's motion for a new trial. It merely reiterates the complaints which have been heretofore considered and, therefore, tenders nothing further for review.

The conviction and sentence are affirmed.