246 So.2d 4

**STATE of Louisiana**

v.

**Jerry Lee WILLIAMS.**

**No. 50755.**

March 29, 1971.

Coxe & Coxe, James R. Coxe, III, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Chief Justice.

Jerry Lee Williams, the appellant herein, and one Mack Maiden, Jr. were charged jointly with having murdered Paul Leckey. Following the impaneling of the jury the State, without objection of either accused, moved for and was granted a severance, and the trial proceeded against Williams alone. He was found guilty of manslaughter. His motion and supplemental motion for a new trial were overruled and he was sentenced to serve twenty-one years at hard labor in the State Penitentiary. This appeal ensued.

In this Court appellant is relying on seven bills of exceptions to obtain a reversal of the conviction. From our review of the evidence we believe that the district court erred in overruling the motion for a new trial, for the reasons assigned therein that "there was no competent evidence upon which the defendant could be convicted." This alleged error forms the basis of Bill of Exceptions No. 6.

The State has not favored us with a statement of the case in its brief on appeal. Nor are there any per curiams by the trial judge giving his reasons for his rulings. It is apparent, however, from the evidence adduced at the trial that the State intended to prove that the victim (Paul Leckey) was shot and killed by either the appellant or Mack Maiden, Jr. during the course of an armed robbery in which they both participated and, hence, the prosecution sought to invoke the felony murder doctrine [R.S. 14:30(2)] to establish its case.

Being unable to produce eye witnesses to the shooting, the State was compelled to rely principally on the testimony of two witnesses—Leroy Rogers and Willie Lee Edwards. Rogers had given the investigating officers a statement to the effect that appellant and Maiden were involved in the robbery, with Rogers himself as an accessory after the fact, an offense denounced by R.S. 14:25 to which he pleaded guilty prior to the trial. However, before trial, and again, during the trial, of the case Rogers invoked the Fifth Amendment constitutional privilege to remain silent with regard to everything which had occurred.

The trial court ruled that, inasmuch as the witness had already pleaded guilty to being an accessory after the fact, he could no longer plead the Fifth Amendment with regard to questions which might incriminate him on that charge; but the judge also declared that, since the State had not granted him immunity from prosecution as a principal on the robbery-murder charge, Rogers would not be required to answer any question which might tend to incriminate him as a principal in the murder charge.[1]

■ Ultimately the witness was asked by the prosecutor if he had concealed or attempted to conceal the accused in order to avoid his arrest. He answered in the negative. Whereupon he was questioned concerning the earlier statement made by him which involved appellant in the com-

---

1. This ruling led to considerable confusion as to the extent of permissible questioning of the witness by both the State and defense counsel, requiring the retiring of the jury innumerable times during the interrogation of the witness. At those times the correctness of the court's initial ruling and the ramifications thereof were argued by the court, the prosecution, defense counsel and the witness' attorney. This procedure forms the basis for most of appellant's bills of exceptions.

mission of the offense. He admitted having made such a statement, but asserted that it was not true. But the content of the prior inconsistent statement, while admissible for the purpose of impeaching the credibility of the witness, cannot be considered as substantive evidence on which to base a verdict of guilty.[2] State v. Paul, 203 La. 1033, 14 So.2d 826; State v. Willis, 241 La. 796, 131 So.2d 792; State v. Barbar, 250 La. 509, 197 So.2d 69; State v. Whitfield, 253 La. 679, 219 So.2d 493; and State v. Ray (Hayes), 258 La. ——, 249 So.2d 540.[3]

The other witness called by the State (Edwards) was, at the time, incarcerated in the State Penitentiary and testified that previously he and appellant had been there at the same time when the latter was also serving a sentence on another charge. When asked if appellant had made a statement to him implicating himself in the murder of Leckey, the witness answered in the negative. Pleading surprise, the prosecuting attorney questioned him from a prior statement, which he admitted he had made, wherein he related a conversation with appellant in which the latter allegedly disclosed to the witness his part in the Leckey murder. But the substance of this statement, like that of the witness Rogers, cannot be considered in determining the guilt or innocence of appellant.

Without the impeaching hearsay elicited from these two witnesses (Rogers and Edwards), there is no evidence whatever to connect appellant with the crime charged. All that the State proved was that Leckey had been murdered at his place of business and that, shortly thereafter, an old sawed-off shot-gun similar to one belonging to a brother of appellant (at some uncertain time) was found in the bushes some 100 yards or so from the building which housed the business. The gun was not produced at the trial, and it was not shown that it was the murder weapon. It follows, then, that the motion for a new trial should have been granted.

2. The record reveals, incidentally, that when the prosecuting attorney commenced to question the witness concerning the statement, defense counsel requested that the jury be instructed that it could not consider the evidence against the accused. The request was denied, the court ruling that it would instruct the jury at the conclusion of the trial. This ruling was contrary to our established jurisprudence that such instruction must be given immediately. However, no bill was reserved. We mention it here for the purpose of calling to the attention of the trial courts the importance of giving such instruction immediately, particularly when requested to do so. (See cases cited in the opinion relative to the effect of such statements.)

3. A rehearing has been granted in the Hayes case. But the correctness of the principle stated in the opinion relative to the effect to be given to prior contradictory statements of a witness is not disputed therein.

■ We are also of the opinion that there is merit in Bill of Exceptions No. 7, which was reserved to the court's overruling a second application for a new trial, filed after sentence and based on allegations of newly discovered evidence. This was permissible under the provisions of Article 853 Code of Criminal Procedure which accords to an accused one year after verdict, or judgment of the trial court, to file such a motion.

The new evidence relied upon in the application was the testimony of the witness Rogers who, during the later trial of Mack Maiden, was granted full immunity from prosecution on the principal charge. At that trial Rogers made a full disclosure of the circumstances surrounding the shooting of Leckey, stating that only he and Maiden took part in the armed robbery which led to his death. Specifically, he completely exonerated the defendant herein.[4]

We believe that this showing, in the interest of fairness and justice, warranted the granting of a new trial, particularly when considered in the light of the confusion which must have beset the jury because of Rogers' assertion of his "Fifth Amendment privilege" during the trial of this accused.

Because of our conclusion herein that the trial court erred in failing to grant appellant a new trial, for the reasons heretofore given, it becomes unnecessary for us to pass on the other bills of exceptions. In view of the State's action in having granted the witness Leroy Rogers complete immunity from prosecution, the issues presented in those bills will not arise on a new trial.

For the reasons assigned the conviction and sentence appealed from are reversed and set aside, and the case is remanded for a new trial.

BARHAM and SUMMERS, JJ., concur in the result.

4. Rogers' testimony is contained in a transcript of the record of an appeal (Docket No. 50,756) lodged here by Maiden from his conviction for manslaughter, and is made part of the bill of exceptions reserved to the overruling of a new trial, by reference.