262 So.2d 326

**STATE of Louisiana**

**v.**

**Audrey C. CAUSEY.**

**No. 52205.**

May 18, 1972.

———◆———

Truett West, Farmerville, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., James T. Spencer, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

After waiving trial by jury, Audrey C. Causey was tried and convicted of theft of an outboard motor and boat of a value of $232.00. Defendant appeals his conviction and three year sentence to the Louisiana State Penitentiary

The prosecution, relying upon one of the presumptions in R.S. 15:432, "that the person in the unexplained possession of property recently stolen is the thief . . .," adduced evidence to show that the stolen boat was in the yard of the house occupied by the defendant, and the stolen motor was found locked in the trunk of defendant's automobile, parked at the same house.

The boat and motor were stolen from a location in Union Parish. They were found in West Monroe in Ouachita Parish, where the defendant temporarily resided with his mother.

The State proved that the owner of the boat and motor used them on Monday afternoon, August 30, 1971, and locked them at his dock. Tuesday morning, August 31, the boat and motor were gone. The next day the property was recovered in West Monroe.

To overcome the presumption arising from the possession of recently stolen property, the defendant took the stand and testified that he purchased the boat and motor from three unknown persons Monday night at a bar or lounge near his home. Defendant and his brother testified that they had worked all day Monday, and had not been in Union Parish on the day the property was stolen.

Defendant called as a witness Sarah Roberts, who stayed with the defendant at his mother's home part of the time, and

who testified that she and the defendant planned to marry. This witness corroborated the defendant's story to the effect that the boat and motor were delivered at defendant's house late Monday night by an unknown person in a white pick-up truck. On cross-examination, this witness denied having told the investigating officers that the defendant and his brother had spent the day, Monday, at a lake in Union Parish.

Defendant's principal bill of exceptions was reserved after the State put on the three investigating officers in rebuttal; each officer testified that the witness Sarah Roberts told them, while they were executing a search warrant, that the defendant and his brother had been together on Monday at a lake in Union Parish, and that the boat and motor were in their possession when they returned.

■ The State closed its case after the three rebuttal witnesses had testified, and the State waived argument. Defense counsel, when asked whether he would argue, submitted three written charges to the court, which were examined and refused as not being entirely correct. Defense counsel then stated:

"I would also move to the Court as a trial [trier] of facts in the matter charging itself to disregard any and all testimony with regard to statements that one Sarah Roberts made with regard to the presence of the defendants in Union Parish except as it bears upon her credibility."

Defense counsel reserved a bill to the refusal of the judge to charge himself as requested, and argued that there was no "direct testimony" in the record to show that the defendant had been in Union Parish at the time of the theft. The effect of the defense argument, of course, was that the defendant adequately explained his possession of the boat by testimony corroborated by other witnesses, and that the burden then shifted to the State "to show culpatory circumstances in addition to the bare fact of possession," and that the defendant should be found not guilty since the State failed to show other circumstances, in addition to the possession, tending to prove guilt.

The record demonstrates some confusion and difficulty of communication between defense counsel and the district judge concerning the use to be made of the testimony impeaching Sarah Roberts. The defense now makes it clear that it was attempting to invoke the rule discussed in State v. Ray, 259 La. 105, 129, 249 So.2d 540, 548:

"The settled rule in Louisiana is that, when a witness other than the defendant is impeached by the admission of a prior inconsistent statement, the statement is admissible only on the issue of credibility

and not as substantive evidence of the defendant's guilt."[1]

Regardless of the misunderstanding of the trial judge with respect to the defense request, the bill of exceptions is without merit. The entire transcript of testimony is before us, and there was adequate evidence to support the conviction without giving substantive effect to the testimony which impeached Sarah Roberts. The evidence of the possession of the stolen property in this case was adequate to support a conviction, in the absence of an explanation sufficient to rebut the presumption that the defendant was the thief. Defendant's explanation was that he had purchased the property at night, at a bar, for $65.00 from unknown persons. Part of his testimony was corroborated by Sarah Roberts. When her testimony was impeached, the defendant's explanation, which lacked conviction and which can only be read with skepticism, was substantially weakened.

The defense argues that portions of the trial judge's per curiam and some of his statements at the trial indicate that he gave substantive effect to the impeaching testimony. A fair reading of the detailed reasons for judgment dictated into the record by the trial judge at the conclusion of the trial shows otherwise. The trial judge specifically held that he did not believe the explanation given by the defendant of his possession of the stolen property, and that the evidence convinced him beyond a reasonable doubt that the defendant was guilty.

Defendant's second bill of exceptions was reserved to the overruling of his motion for a new trial. That motion, in addition to arguing the matter set out above, alleged that the verdict is contrary to the law and the evidence that there was not sufficient evidence to sustain a guilty verdict. Such contention presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178.

For these reasons, the conviction and sentence are affirmed.

---

1. State v. Barbar, 250 La. 509, 197 So.2d 69, was prospectively overruled in State v. Ray, supra, where we said that in cases tried hereafter, the defendant must spe-

cifically request the trial judge to give the limiting instruction as to the effect of impeachment testimony, in order to avail himself of its omission. State v. Barbar, supra, followed the prior juris-prudence of the State of Louisiana and held that, even without a defense request, the trial judge must instruct the jury as to the limited purpose of impeachment testimony.