296 So.2d 820 (1974)
STATE of Louisiana
v.
James E. WHITLEY.
No. 54493.
Supreme Court of Louisiana.
June 10, 1974.
*821 Al Jules Mendoza, Chauppette, Genin, Mendoza & Keeton, Marrero, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., John Tooley, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, James Whitley, was charged on August 9, 1973, with the theft of six color television sets, valued at $2,600.00. LSA-R.S. 14:67. The five-man jury returned a unanimous verdict of guilty as charged. The trial judge sentenced the defendant to 42 months at hard labor. The defendant appeals his conviction and sentence, relying upon two bills of exceptions. He has abandoned Bill of Exceptions No. 1 as being without merit.[1]

BILL OF EXCEPTIONS NO. 2
The defendant reserved Bill of Exceptions No. 2 when the trial judge overruled a defense motion for a mistrial. The motion for a mistrial was based upon the State's question directed to the defendant on cross-examination as to whether he pleaded guilty to a second charge of simple burglary. To which, the defendant answered in the negative.
The District Attorney's cross-examination was as follows:
"Q. And you said that you had one simple burglary and a simple robbery and you got six years on a plea of guilty, is that correct?
"A. Right.
"Q. Is that one simple burglary and another simple robbery?
"A. The time was running concurrent.
"Q. That was two different cases, wasn't it?
"A. Right.
"Q. You pled guilty to two that year?
"A. Yes sir.
"Q. Did you ever plead guilty to simple burglary again?
"A. No sir.
"Q. On March 19, 1972 in New Orleans?
"A. No sir.
Defense Counsel:
"If that is not true your honor, I am going to ask for a mistrialright now. And I want the DA to prove in those records that this man pled guilty to a simple burglary charge.
"THE COURT:
"The court is going to deny the motion for a mistrial and apparently the District Attorney is reading from an arrest report, which doesI'll say this for the jury, the mere fact that the District Attorney asked this question, you are not *822 to infer in any way, unless there is some proof and this man has denied it, you are not to infer in any way that he did plead guilty to any other simple burglary.
"Defense Counsel:
"Your Honor, that was completely prejudicial remark and the defense reserves a bill of exception making a part thereof the question propounded by the District Attorney as to whether or not he pled guilty to the crime of simple burglary, which has not been established, it is not a matter of record, the objection of the Defense Counsel and the ruling of the court.
In this Court, though conceding that he made no objection to the language of the trial judge as he ruled upon the motion for a mistrial, defense counsel attempts to raise for the first time objection to the language of the trial judge in making his ruling. We will, of course, pass only upon the motion for a mistrial made and ruled upon in the trial court.
The defendant contends that the State's question to the defendant as to whether he had pleaded guilty again, on March 19, 1972, to simple burglary constituted a reference to another crime. Hence, he asserts, that under Article 770 of the Louisiana Code of Criminal Procedure, a mistrial is mandatory.
Article 770, LSA-C.Cr.P., provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . . .
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
. . . . . .
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
. . . . . .
In the present case, the defendant testified in his own behalf. On direct-examination, in response to a question from defense counsel, he admitted a previous conviction for simple burglary. The State was, of course, entitled to cross-examine him concerning previous convictions to impeach his credibility as a witness. See LSA-R.S. 15:495. The State undertook to do this. The defendant admitted an additional conviction of simple robbery. When asked whether he had been convicted again of simple burglary, he replied in the negative.
Although the response of the defendant was in the negative, this response does not transform the question into a comment of the District Attorney concerning another crime as to which evidence is inadmissible. The question was directed to convictions only, as to which evidence was admissible. Hence, Article 770 is inapplicable.
The trial judge properly instructed the jury that they were not to infer that the defendant had pleaded guilty to another simple burglary merely because the question was asked.
As we said in State v. Maney, 242 La. 223, 135 So.2d 473 (1961), in passing upon a different issue:
"To hold here that the mere posing of the question constitutes error which is grounds for a mistrial would impose a penalty resulting from such an interrogation which is disproportionate to the results which might ordinarily be expected to flow from this action."
A mistrial is a drastic remedy and, except in instances in which the mistrial is *823 mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972).
We conclude that the bill of exceptions lacks merit.

BILL OF EXCEPTIONS NO. 3
This bill was reserved when the trial judge refused to grant a motion for a new trial.
The motion was based on Bill of Exceptions No. 2, already found to be without merit, and on the allegation that the verdict was contrary to the law and evidence.
It is well established that motion for a new trial on the ground that the verdict is contrary to the law and evidence presents nothing for this Court's review. LSA-C.Cr.P. Art. 858; State v. Causey, 261 La. 1074, 262 So.2d 326 (1972); State v. Fisher, 261 La. 701, 260 So.2d 674 (1972); State v. McClain, 254 La. 56, 222 So.2d 855, cert. den. 399 U.S. 911, 90 S.Ct. 2205, 26 L.Ed.2d 566 (1969).
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, Justice (dissenting).
La.R.S. 15:495, upon which the majority rely in their determination that defendant's Bill of Exceptions No. 2 is without merit, provides:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
A reading of the foregoing article makes it clear to me that since evidence of conviction of crime only is admissible for impeachment purposes, any question concerning the defendant-witness' criminal activities which fall short of conviction does not come within the purview of La.R.S. 15:495 and, hence, constitutes a reference to another crime as to which evidence is not admissible. C.Cr.P. Art. 770.
The clear language of C.Cr.P. Art. 770 provides that, "An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. * * *" when that remark or comment is addressed to another crime alleged to have been committed as to which evidence is not admissible; in spite of that language, the trial court here did attempt to admonish the jury. However, this attempt to admonish the jury compounded the prejudicial effect of the district attorney's question. The court, in its instruction to the jury, stated: "* * * apparently the district attorney is reading from an arrest report. * * *" (Emphasis here and elsewhere supplied.) The remark of the court clearly referred to the district attorney's question and certainly placed before the jury an arrest record, in violation of La.R.S. 15:495. Contrary to the conclusion of the majority, the defendant here did reserve a bill of exceptions to the court's remarks, as well as to the question posed.
The reservation of the bill taken immediately after the court's remarks, begins:

"Your Honor, that was a completely prejudicial remark and the defense reserves a bill of exception. * * *"
The judge's ruling, which included this remark, was made a part of the bill of exceptions when reserved and as presented to us. See the colloquy quoted in the majority opinion.
*824 Prior to the court's remark the defendant had properly moved for the relief to which he was entitleda mistrial.
It is obvious under La.R.S. 15:495 that proof of conviction must follow any query which elicits a denial of conviction. The only justification for the State's inquiry about the witness' conviction is the State's possession of evidence of conviction which it plans to introduce for impeachment purposes if the witness denies the conviction. The district attorney cannot go on a fishing expedition with an arrest report. Certainly it was incurable error in this case for the jury to know there was an arrest of this defendant. The combination of the district attorneys' question and the court's remarks presented the jury with prejudicial information which could not be erased from their minds by admonition. See C. Cr.P. Art. 770.
I respectfully dissent from the affirmance of this defendant's conviction and sentence.
NOTES
[1] Although the motion for an appeal in this case was untimely, it was granted by the trial court. Since the defendant is an indigent represented by appointed counsel, we consider it as an out-of-time appeal granted by the trial court for adequate reason.