REDMANN, Judge.
Defendant personal liability insurer appeals from a judgment which awarded plaintiff damages for injury to his hand from a gunshot wound suffered at his grandfather’s house from an automatic pistol belonging to the grandfather.
Plaintiff’s petition alleges, and he and his grandfather testified at trial, that the grandfather accidentally discharged the pistol while handing it to plaintiff. But medical records introduced by plaintiff (without objection) and testimony introduced by defendant show that plaintiff had told two treating physicians that he had accidentally shot himself.
Furthermore, according to an agent of the insurer, when the agent telephoned the grandfather about a year after the incident, in response to a letter from a lawyer purporting to represent both grandfather and plaintiff, the grandfather told the agent that plaintiff had shot himself when removing the loaded and cocked gun from atop a television set at the grandfather’s request.
Plaintiff (20 years old at the time of the accident) explained at trial that he was then trying to protect his grandfather from involvement. The grandfather gave no ex *1038 planation for his inconsistency. The trial judge concluded that the wound was self-inflicted. He nevertheless imposed liability, reasoning that the “grandfather was negligent in placing on the TV a loaded and cocked (ready to fire) .45 caliber pistol.”
The question presented is whether, after rejecting as a fabrication the sworn testimony of plaintiff and the grandfather (in which action we find no error), the trial judge erred in basing a judgment on the facts stated in the unsworn prior contradictory statements of plaintiff and the grandfather.
We reason that the prior contradictory statements introduced by defendant did not constitute evidence of their substantive content. (That introduced by plaintiff, if evidence of its content despite plaintiff’s disavowal of it, would serve only to show that the wound was self-inflicted and would not implicate the grandfather.) Although the usual impeachment procedure was not employed, defendant’s introduction of the prior inconsistent statements- — especially that of the grandfather — was intended to show the unworthiness of belief of the sworn testimony. To that extent, the introduction of the prior inconsistent statements was similar to the introduction of such statements during impeachment of a witness.
The Louisiana rule on impeachment is the traditional one that the prior inconsistent statement is admissible only for impeachment purposes and is not evidence of the substantive content of the prior statement. State v. Ray, 1971, 259 La. 105, 249 So.2d 540; State v. Causey, 1972, 261 La. 1074, 262 So.2d 326; State v. Gray, La. 1973, 286 So.2d 644; State v. McMellon, La. 1974, 295 So.2d 782; State v. Kaufman, La. 1974, 304 So.2d 300; State v. Williams, La. 1976, 331 So.2d 467; Pardue v. Johnson, La.App. 2 Cir. 1975, 307 So.2d 682, writ refused, La., 310 So.2d 853.
We apply the impeachment rule by analogy in our circumstances, so that at least the grandfather’s prior contradictory statement, introduced by defendant to defeat the cause of action sued upon, does not constitute evidence of its substantive content. Accordingly there is no evidence of that substantive content and the plaintiff has therefore not proved how the accident happened nor why his grandfather’s insurer should be held liable; he has not proved any negligence on the grandfather’s part nor that the grandfather’s negligence caused his injury.
Reversed at plaintiff’s cost.