294 So.2d 251 (1974)
James K. SAULTER
v.
Joseph G. COUSIN, and Aetna Casualty and Surety Company.
No. 9786.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
Rehearing Denied May 28, 1974.
*252 Martin A. Smith, Jr., Slidell, for appellant.
Iddo Pittman, Jr., Hammond, and George J. Dowd, Chalmette, for appellees.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
BLANCHE, Judge.
Plaintiff, James K. Saulter, brought suit against defendant, Joseph G. Cousin, and his liability insurer, The Aetna Casualty and Surety Company, for property damages arising out of an automobile collision which occurred on May 14, 1971, on U. S. Highway 11 in St. Tammany Parish. The defendant Cousin filed a reconventional demand wherein he sought damages for injuries to his person and property. The defendant Aetna also answered and filed a reconventional demand against plaintiff for the sum of $3,343.45, the amount paid to defendant Cousin under the uninsured motorist provisions of an automobile insurance policy which it had in force with Cousin. On the day the case was assigned *253 for trial the attorney for plaintiff and defendant in reconvention filed a motion for continuance which was denied by the trial judge. Thereafter, said attorney made a motion to withdraw as counsel, which motion was also denied. With matters in this posture, on motion of plaintiff's counsel, the court ordered that plaintiff's suit be dismissed and the case went to trial on the reconventional demands of the plaintiffs in reconvention Cousin and Aetna.
After trial judgment was signed dismissing plaintiff's suit with prejudice and granting judgment on the reconventional demand of Aetna against defendant in reconvention Saulter in the sum of $3,343.45 and judgment on the reconventional demand of Cousin against the defendant in reconvention Saulter in the sum of $4,079.80. From this judgment defendant in reconvention Saulter has appealed.
Contained in the record are reasons for judgment stated by the trial judge at the conclusion of trial. He found that the accident was caused by the negligence of the defendant in reconvention Saulter and allowed the following items of special damages to plaintiff in reconvention Cousin, proof of which was introduced into evidence:

Hospital bill of Slidell Memorial
Hospital $471.25
Bills of Dr. Louis A. Polizzi $159.00
 33.00
 10.00
 _______
 202.00
Bill of Dr. Herbert C. Blanks
 (Representing an upper denture
 at a cost of $135 and replacement
 of 3 teeth on the lower denture
 at a cost of $30) 165.00
Bill for Ambulance Service of Slidell 25.00
 _______
 Total $863.25

Additionally, the trial judge awarded the sum of $5,000 in damages to the plaintiff in reconvention Cousin for personal injuries, as well as the sum of $40 per week, representing the amount which Cousin testified he paid his son to work for him while he was disabled from the time of the accident on May 14, 1971, until the end of October. According to our calculations, this item of damages amounts to the sum of $960.[1]
If the above amounts ($863.25, $5,000 and $960) are added together, it can be determined that the total amount of the judgment would be $6,823.25. By subtracting from $6,823.25 the amount of the judgment due Aetna, or the sum of $3,343.45, it can readily be seen that the sum of $3,479.80 should have been the amount of the judgment in favor of Cousin. However, the judgment in Cousin's favor was actually $600 more, or the sum of $4,079.80. An examination of Cousin's testimony reveals that $600 was the value of the automobile that he claimed was totally destroyed in the accident. Evidently counsel included this $600 in the total amount of the judgment when it was prepared, even though the trial judge did not mention this as being due Cousin in his reasons for judgment.
Even if the $600 loss had been properly included in the judgment, it was error to grant such an award. The only evidence regarding the value of the automobile came from Cousin himself. When questioned about its value, he stated, "The value, oh, I wouldn't know that, about $600, I would say." Although no estimate of the vehicle's value was introduced into evidence by anyone qualified to testify on that subject, undoubtedly the automobile had some value. From the pleadings we ascertain only that it was a 1965 Chevrolet station wagon which was in a junk yard at the time of trial. However, we are not inclined to guess at its value or conjure up some fictitious amount to award a claimant on the basis that he should be entitled to something when the claimant had full opportunity to prove such loss to the court *254 and simply failed to do so. The burden of proof is on the plaintiff to establish by competent evidence the extent of his damages; Cloney v. Travelers Insurance Company, 253 So.2d 83 (La.App. 1st Cir. 1971), writs refused, 259 La. 871, 872, 253 So.2d 212; and Cousin's own uncorroborated, unqualified personal estimate of the value of his automobile is insufficient proof thereof.
The same may be said of the award of $40 per week in wages that Cousin stated he paid to his son while he was purportedly incapacitated from working as a result of his injuries. To begin with, he failed to ask for this relief in his reconventional demand. Secondly, the only evidence in the record concerning this item of damages comes solely from Cousin, and there is no corroborative evidence of the payment of these wages such as the testimony of his son, receipts or cancelled checks. Indeed, whether his inability to work was solely a result of his injuries is the subject of some speculation. Hearsay evidence elicited from Cousin reflects that the doctor told him he had pneumonia, but whether this ailment was causally related to the accident is not shown in the record. Therefore, for the same reason, failure of proof, we disallow this item of damages.
We next consider appellant's argument that Cousin's failure to call his treating physicians as witnesses raises the presumption that his injuries were not accident related and the presumption that these physicians would testify adversely to his interests. Cousin was competent to testify to his injuries resulting from the accident, and his testimony was simply that he had rib and dental injuries. He was hospitalized for eight days and told by the doctor that he had pneumonia. Whether the pneumonia was caused by the accident is a matter of some conjecture, as previously mentioned. Cousin also stated the doctor told him he had fractured ribs. While no medical doctor was called to verify Cousin's injuries, the medical bills, referred to previously, adequately corroborate the fact of his injury in the accident. Under the facts of this case we would not be inclined to invoke the presumption against plaintiff in reconvention for failure to call his treating physicians, since it is far more likely that such failure was due purely to the omission of counsel.
Finally, we consider appellant's argument that there was no evidence by testimony, stipulation or admitted fact to prove that Saulter was the driver of the automobile which collided with Cousin's vehicle. This is a close question. Contrary to the assertion to such effect by counsel for appellee in brief and in oral argument, we are unable to find from our review of the record where Cousin testified that Saulter was driving the automobile. In fact, Cousin did not know the kind of vehicle with which he collided in the accident. Additionally, we cannot find from the testimony of the investigating officer, Trooper Osie Singletary, any statement by him that Saulter was the driver of the automobile, even though it would have been a simple matter for counsel to have asked him this question. The only testimony possibly connecting Saulter as a driver of one of the cars came from Trooper Marion F. Moore of the Louisiana State Police, who testified to statements made to him by Trooper Singletary. Trooper Moore's testimony is as follows:
"A Well sir, the only thing I remembered doing was directing traffic and also when he finally gave me a man that he said was driving one car, I took him off to the Sheriff's Office to hold him there until Trooper Singletary got everything cleared up."
(Record, p. 92)
Later he was asked:
"Q You did accompany the man that was pointed out to you as the driver of the other vehicle to Slidell, is that right? *255 "A Yes, sir. I placed him under arrest or he was already placed under arrest, I'm sorry, and taken to the Sheriff's Office."
(Record, p. 93)
Further, our review of Trooper Singletary's testimony shows that he arrested Saulter at the scene of the accident because Saulter appeared to him to be intoxicated. He also testified that one of the vehicles was registered under the name of Saulter, and it must be logically assumed that he obtained this information from Saulter.
This brings us to the question of whether the evidence preponderates in favor of the proposition that Saulter was the driver of one of the automobiles. The trial judge apparently accepted the hearsay evidence elicited without objection from Trooper Moore that Saulter was the driver of one of the automobiles involved in the accident. Under the authority of the decision in Gray v. Great American Indemnity Company, 121 So.2d 381 (La.App. 1st Cir. 1960), such evidence may properly be considered and given its natural probative effect. This testimony together with the evidence of Saulter's arrest at the scene and the fact that one of the automobiles was registered in Saulter's name evidently convinced the trial judge, to a reasonable certainty, that Saulter was the driver of one of the automobiles. We find no manifest error in the trial judge's giving such weight to the evidence.
For the above reasons, the judgment of the trial court in favor of plaintiff in reconvention, The Aetna Casualty and Surety Company, is affirmed. The judgment in favor of plaintiff in reconvention, Joseph G. Cousin, is amended by reducing the total sum of the judgment by $1,560, representing the items of damages which we have disallowed, thus awarding judgment to said plaintiff in the sum of $2,519.80. In all other respects the judgment is affirmed. All costs of this appeal are to be borne by the appellant.
Amended and as amended affirmed.
NOTES
[1] The manner in which we have determined the amount of this item of damages is by multiplying $40 times 24 weeks, as it was not calculated either in the pleadings or in the evidence.