366 So.2d 1308 (1978)
STATE of Louisiana
v.
Chester J. ALLIEN.
No. 61979.
Supreme Court of Louisiana.
December 15, 1978.
*1309 Jack F. Owens, Jr., Reeves & Owens, Harrisonburg, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. C. Falkenheiner, Dist. Atty., William G. Avery, 1st Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Chester J. Allien, was charged by bill of information with two counts of distribution of a controlled substance (marijuana) to persons under the age of eighteen in violation of R.S. 40:966 and R.S. 40:981(C). After a jury trial, he was convicted and sentenced to serve four years at hard labor. On this appeal of the conviction and sentence, defendant relies on seven assignments of error. Because we find reversible error in assignment seven, we find it unnecessary to consider the remaining assignments, other than the assignments three and five.
In assignment seven defendant argues that the trial judge erred in denying his motion for a new trial in which he contended that the state failed to present any affirmative evidence that the defendant committed the crime charged. He argues that the only evidence adduced at trial which even arguably related to his alleged commission of the crime was the before trial, out-of-court statements of two minor girls which were recanted at trial and the testimony of two deputies that the girls had in fact made the earlier out-of-court statements.
Under Article 5, § 5(C) of the Louisiana Constitution of 1974, the scope of this Court's appellate jurisdiction in criminal matters extends only to questions of law. An assignment of error based on the denial of a motion for a new trial which contends that there is no evidence of the crime charged does present a question of law which is subject to this Court's review. State v. Thompson, 366 So.2d 1291 (La. 1978); State v. Williams, 354 So.2d 152 (La. 1977). Because the basis for defendant's *1310 written motion for a new trial was that "the state failed to present any affirmative evidence," this issue is properly before the Court.
The testimony at trial revealed the following facts. Two minor teen-aged girls were arrested for shoplifting and possession of marijuana on December 29, 1976. In exchange for immunity from prosecution on both charges, they agreed to make statements revealing the source of the marijuana. One minor stated that she purchased a "bag" of marijuana from the defendant. In her statement the other minor asserted that the defendant had given her the two marijuana cigarettes found on her at the time of her arrest. When called by the state to testify at defendant's trial, each girl admitted that she had made an earlier statement implicating the defendant. However, each of them denied the truth of the respective statements. The first girl testified that she made the statement only because of pressure from the deputies and her family, while the second indicated that her statement was motivated by the offer of immunity from the charges of shoplifting and possession of marijuana. The trial judge found the girls to be hostile witnesses and allowed the state to impeach the in-court testimony with the prior inconsistent statements which implicated the defendant. There was no request from the defendant that a limiting instruction be given the jury. Each witness had admitted having made the earlier statement but testified that it was false, that defendant had not sold or given either of them the marijuana.
Louisiana Revised Statute 15:487 provides: "No one can impeach his own witness, unless he have been taken by surprise by the testimony of such witness, or unless the witness show hostility toward him, and, even then, the impeachment must be limited to evidence of prior contradictory statements." Although prior inconsistent statements may be used by a party to impeach his own witness, the effect of the prior inconsistent statement is limited by Louisiana jurisprudence. This Court has consistently held that a prior inconsistent statement of a witness cannot be admitted as substantive evidence of the truth of its content; the effect of its admissibility is limited to impeaching the credibility of the witness and his testimony. State v. Boyd, 359 So.2d 931 (La.1978); State v. Williams, 331 So.2d 467 (La.1976); State v. Rocco, 222 La. 177, 62 So.2d 265 (1952); State v. Robinson, 52 La.Ann. 616, 27 So. 124 (1900); State v. Reed, 49 La.Ann. 704, 21 So. 732 (1897).
In State v. Barbar, 250 La. 509, 197 So.2d 69 (1967), we recognized that allowing a prior inconsistent statement to go before a jury without limiting instructions is so highly prejudicial to the defendant that even absent a request for limiting instructions, it was reversible error for the trial judge not to caution the jury as to the statement's limited purpose. At the state's urging we re-examined Barbar in State v. Ray, 259 La. 105, 249 So.2d 540 (1971), reaffirmed the rule that prior inconsistent statements are admissible only on the issue of credibility and not as substantive evidence, but concluded, at least for prospective application, that in the absence of a defense request a trial court's failure to give the instruction concerning the limited effect of the prior inconsistent statement would not constitute reversible error.
For these reasons, and because defendant here did not request the instruction or object to the court's failure to so instruct, defendant's assignments of error three and five by which defendant complained of the trial court's failure to charge the jury on the limited effect of prior inconsistent statements are without merit. There is no reversible error in the ordinary situation ascribable to a jury's entertaining the prior inconsistent statements and, without the limited effect instruction, giving weight to the substance of the prior statements.
Defendant's assignment seven, however, presents an entirely different question. May defendant's conviction be permitted to stand where the state's entire case consists of a pair of witnesses who testify under oath that (1) defendant did *1311 not sell or give them the marijuana, (2) they did indeed previously state that defendant had done so, and (3) those earlier accusations were false? A related question is whether under these circumstances it matters that defendant's attorney, as in this case, did not object to testimony concerning, and the introduction of, the prior statements, and did not request the limiting instruction.
Our answer to each of these two questions is in the negative.
Prior inconsistent statements simply do not constitute substantive evidence. This proposition is not undermined by State v. Ray, supra. That case did not hold the contrary, but rather simply held that a defendant will have to suffer the possible prejudice of a jury's considering the content of a prior inconsistent statement where his attorney, not asking for the instruction, may create a trap for the unwary judge to the prejudice of the fair and efficient administration of justice. In the ordinary case, unlike this one where there is no evidence implicating defendant independent of the prior inconsistent statement, the law will in effect suffer the risk of the jury's possibly crediting the state's case with supplemental evidence which ought not be substantively considered, for the reason that defendant's attorney has not availed himself of a limited effect instruction which is his for the asking.
Furthermore defendant cannot be assumed to have conceded the substantive use of the statement by failure to object to its introduction because a timely objection to its introduction would properly have been overruled. The statement was admissible, although admittedly for the limited purpose of impeachment.[1]
There is another state contention which we must address. Before introduction of the prior contradictory statements of the two young female witnesses, the state presented the testimony of Officers Tolar and Powell that they had quizzed the two young ladies and had been told by them that they had received the marijuana from the defendant. At that point there was no objection to this testimony by defense counsel. In the ordinary case hearsay evidence not objected to constitutes substantive evidence. 79 A.L.R.2d 890-957; 29 Am.Jur.2d Evidence, § 494, p. 552; 30 Am.Jur.2d § 1103, p. 268. Nonetheless in a case such as this a defendant should not be convicted on the strength alone of the unobjected to testimony of the two police officers concerning accusatory prior statements of witnesses which are recanted by those same witnesses at trial. The hearsay in this case is much too unreliable[2] to serve as the exclusive evidence prompting the defendant's conviction simply on the strength of his failure to lodge a contemporaneous objection.
In addition the outset testimony of the police officers from the standpoint of the state's intentions was in reality impeachment testimony, for the state knew or suspected prior to trial, that these young girls were going to recant the earlier statements that they had given the police officers. As the evidence on the hearing for a motion for new trial indicates, Deputy Tolar and the Assistant District Attorney spoke with these young ladies and their relatives on the day before trial.[3] Not only did the girls at that conference not affirm that their earlier statements were true, but they vehemently *1312 protested having to testify in court inasmuch as they had been assured upon giving the earlier statements that they would not be called upon to testify (rather the information would simply be used to further the state's investigation of defendant's suspected criminal activities).
While not all jurisdictions agree on this question (see the contrary rule in In re Holmes, 379 Pa. 599, 109 A.2d 523 (1954), cert, denied 348 U.S. 973, 75 S.Ct. 535, 99 L.Ed. 757, an opinion involving a proceeding to determine delinquency of a minor), there is significant authority for the position that unobjected to hearsay without more will not support a conviction. Glenn v. United States, 271 F.2d 880 (6th Cir. 1959); Pinkard v. United States, 99 U.S.App.D.C. 394, 240 F.2d 632 (Cir. 1956); People v. McCoy, 44 Ill.2d 458, 256 N.E.2d 449 (1970); People v. Hines, 12 Ill.App.3d 582, 299 N.E.2d 581 (1973). Akin to these cases are the following in Texas and Georgia where it has often been held that hearsay evidence is without probative value even if admitted without objection; Germany v. State, 235 Ga. 836, 221 S.E.2d 817 (1976), and cases cited therein; Lumpkin v. State, 524 S.W.2d 302 (Tex. Crim.1975).
For a result similar to our own here, see also U. S. v. Biener, 52 F.Supp. 54 (E.D.Pa. 1943) in which the defense motion for arrest of judgment was granted when the state presented no evidence other than an impeaching statement. See also McCormick on Evidence, § 39, p. 78 (1954).
Even with respect to administrative proceedings where discerning application of evidentiary rules should not be as strict as in criminal casesalthough concededly the evidentiary standard is normally substantial evidence rather than some evidencethere have been decisions holding that hearsay evidence alone is not sufficient to support an administrative decision. See for example Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir. 1963); William H. Van Vleck, Inc. v. Klein, 50 Misc.2d 622, 271 N.Y.S.2d 64 (1966); In re Lendall's Case, 342 Mass. 642, 174 N.E.2d 422 (1961); Unemployment Compensation Board of Review v. Cooper, 25 Pa.Cmwlth. 256, 360 A.2d 293 (1976).
We thus hold (even more narrowly than some of the authorities cited hereinabove, for anything more would be dicta in this case) that unobjected to hearsay which is the exclusive evidence of a defendant's guilt of the crime or an essential element thereof, and where contradicted at trial by the sworn recantation of the out-of-court declarant, is no evidence at all. The instant inquiry thus is a question of law and within our criminal appellate jurisdiction.
Finding that the state presented no evidence that the defendant committed the crime charged, we conclude that defendant's conviction must be reversed. Moreover, the Supreme Court has held that the double jeopardy clause of the Fifth Amendment, which is applicable through the Fourteenth Amendment to state criminal trials, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), precludes a second trial once the reviewing court has found a total absence of evidence as to an essential element of the crime charged. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); see State v. Thompson, 366 So.2d 1291 (La.1978), and State v. Liggett, 363 So.2d 1184 (La.1978). Accordingly, we are also compelled to enter a judgment of acquittal in favor of the defendant.

Decree
For the foregoing reasons, defendant's conviction and sentence are reversed and set aside and the defendant is ordered discharged.
CONVICTION REVERSED; DEFENDANT ORDERED DISCHARGED.
SUMMERS, J., dissents.
SANDERS, C. J., and MARCUS, J., dissent and assign reasons.
SANDERS, Chief Justice (dissenting).
Article 5, Section 5(C) of the Louisiana Constitution (1974) limits the jurisdiction of this Court in criminal matters to questions of law. Hence, this Court does not pass *1313 upon the sufficiency of the evidence. When there is some evidence to sustain a conviction, no matter how little, this Court cannot review its sufficiency. It is only when there is no evidence at all of an essential element of the crime that this Court may as a matter of law set aside a conviction. State v. Williams, La., 339 So.2d 728 (1976); State v. McDonell, 208 La. 602, 23 So.2d 230 (1945); State v. Gani, 157 La. 231, 102 So. 318 (1924).
Here, the law enforcement officers arrested two teen-aged girls for shoplifting. Each of them was found in possession of a quantity of marijuana. After a promise of immunity from prosecution, they agreed to inform the officers of the source of the marijuana. They then orally and in writing stated that the defendant delivered the marijuana to them, giving the time, place, and circumstances.
Prior to trial, the Assistant District Attorney discovered that, despite the grant of immunity, he could not rely on their in-court testimony. Nonetheless, he proceeded to trial.
The State's first witness was Deputy Sheriff Jack H. Tolar. Without objection, he testified that he and Deputy Sheriff Rex Powell interviewed the girls after their arrest and each of them stated that they secured the marijuana from the defendant, Allien. [Tr. 47-48.]
Deputy Sheriff Powell was called, and he testified that each of the girls stated that they secured the marijuana from the defendant. [Tr. 59, 60.] This testimony was likewise admitted without objection. He also testified that the officers took written statements, and related the facts showing that the statements were voluntary.
The State then called the two girls. Each of them testified that they had made the statements attributed to them, but they were untrue.
The defense cross-examined all four witnesses, including the two girls.
Later, the State introduced evidence establishing that the substance was marijuana. It also introduced the written statement of each of the girls. The defense announced, "No objection." [Tr. 79.]
It can be seen from the recitation of facts that the precise question is whether the hearsay statements made by the two young girls, admitted as substantive evidence without objection, is some evidence that defendant delivered the marijuana to them. I think so.
Almost uniformly, courts hold that hearsay evidence admitted without objection can be considered and given its natural probative effect. Alone or in connection with other evidence, hearsay evidence may support a verdict or finding. See, e. g., Wainer v. Wainer, 210 La. 324, 26 So.2d 829 (1946); Saulter v. Cousin, La.App., 294 So.2d 251 (1974); Karcher v. American Service Mutual Insurance Co., La.App., 159 So.2d 795 (1972); Chivers v. Couch Motor Lines, Inc., La.App., 159 So.2d 544 (1964); Dafoe v. Grantski, 143 Neb. 344, 9 N.W.2d 488 (1943); 29 Am.Jur.2d, Evidence, § 494, p. 552; 30 Am.Jur.2d, Evidence, § 1103, p. 268; 88 C.J.S. Trial § 153, p. 299; McCormick on Evidence, § 54, p. 125 (2d ed. 1972).
A collation of decisions from all jurisdictions supporting the rule is set forth in 79 A.L.R.2d 890.
The majority rule is correctly summarized in 30 Am.Jur.2d, Evidence, § 1103, pp. 268-269 as follows:
"Although hearsay evidence may, as a rule, be incompetent and inadmissible to establish a fact, such incompetency and inadmissibility may be waived by failure to object thereto, in which case it is almost uniformly held that it may be considered, if relevant, and may be given probative, or its natural probative, effect, as if it were in law competent evidence. Accordingly, it has been held that hearsay evidence which would be inadmissible if objected to but which is admitted without objection may properly be considered by the trier of facts, and that it should be considered by the trial court in passing upon a motion for a directed verdict, a motion to set aside a verdict for insufficiency of evidence, or a motion for nonsuit. Hearsay evidence which has been admitted *1314 without objection has also been held entitled to consideration by an appellate court in support of the trial court's findings, and in support of a verdict or judgment of conviction in a criminal case."
In his treatise on evidence (§ 54, pp. 125-126), McCormick formulates the applicable rule as follows:
"The incompetent evidence, unobjected to, may be relied on in argument, and alone or in part may support a verdict or finding."
The probative-value rule is stronger in the present case, because the individuals who made the statements appeared as witnesses and were subject to defense cross-examination. See Stevens v. Mirakian, 177 Va. 123, 12 S.E.2d 780 (1941); A.L.I. Model Code of Evidence Rule 503(b); Uniform Rules of Evidence Rule 63.
In my opinion, the majority's postulation that a timely objection to the admission of the statements would properly have been overruled since the statements were admissible for impeachment purposes is in error. The record discloses that the statements were introduced as substantive evidence beginning with the State's first witness. The State laid no prior impeachment foundation. See LSA-R.S. 15:493.
Under accepted constitutional doctrine, there is no denial of confrontation here, since the individuals who made the statements appeared as witnesses and were subject to cross-examination. See Nelson v. O'Neill, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971); California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).
The majority has apparently adopted the rule followed by only two states, Georgia and Texas, that hearsay evidence, even when admitted without objection, is no evidence at all. Apart from being a weak minority position, the holding is contrary to our own jurisprudence. See Wainer v. Wainer, supra; Saulter v. Cousin, supra; Chivers v. Couch Motor Lines, Inc., supra; Gray v. Great American Indemnity Company, supra.
The majority relies upon State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960) and a series of decisions involving administrative proceedings. These decisions are inapposite. In each of them, the court was vested with jurisdiction to review the facts to determine whether there was "sufficient evidence" or "substantial evidence." In none of these decisions was the court governed by the no-evidence rule.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
The testimony of Officers Tolar and Powell that the two young ladies had told them that they had received the marijuana from defendant was not objected to. Hearsay evidence not objected to constitutes substantive evidence. Certainly, this is "some" evidence to support defendant's conviction, the extent of our appellate review. Accordingly, I respectfully dissent.
NOTES
[1] Although not essential to our resolution of the legal issue here, we deem it worth noting that counsel for defendant was not oblivious during trial to the deficiency in the state's case, nor completely mute insofar as alerting the trial judge to that deficiency (which counsel ultimately presented in his post-trial no evidence motion). Unable to move for a directed verdict in this jury trial (La.Code Crim.Pro. art. 778 as amended by Acts 1975 No. 527 § 1) counsel did, following the testimony of the two principal witnesses, move that the case be dismissed "due to the state's failure to go forth."
[2] Inherently untrustworthy and insubstantial is how the Supreme Court of New Mexico described it in State v. Romero, 67 N.M. 82, 352 P.2d 781 (N.M.1960).
[3] A transcript of this conference was introduced at the hearing on the motion for a new trial.