REDMANN, Chief Judge.
Appealing from jury conviction of introducing contraband (a marijuana cigarette) into a prison, La.R.S. 14:402, and from denial of a motion for new trial, defendant makes five arguments.
The first two charge incompetence of counsel, for failure (1) to object to hearsay and (2) to call as a witness the guard who was supposed to have searched defendant before entering the prison. We find no incompetence. Presumably the trial attorney knew that the basic factual testimony was to be that one deputy saw defendant pass a handrolled cigarette through the visitor’s screen in the day room to his incarcerated son; that that deputy left briefly to notify his superior; that thereafter a handrolled cigarette was found in the general area where defendant was visiting his son; and that examination proved it marijuana.
The hearsay was that a marijuana-sniffing dog’s handler told the witness that the marijuana cigarette had been found in the day room. It was not incompetent to allow this hearsay, no more than it would have been to stipulate that the cigarette was there found. Trial counsel did stipulate that the qualified examiner of the cigarette would testify that it was marijuana. That was not incompetence. These are matters easy for the state to prove and not really in dispute; defendant does not suggest he had any contradictory evidence in any case. An accused has the right to insist that the state prove every element of its case, but defendant does not aver that he so instructed his trial counsel and it is certainly not incompetence for a lawyer to concede undisputable elements so that the jury’s attention is concentrated on the disputed elements of the crime charged. Moreover, objection to hearsay would presumably (despite the later hearsay that the dog-handler was ill) have produced the dog-handler’s direct testimony—presumably more convincing than the hearsay.
Nor is not calling the guard who supposedly searched defendant shown to be incompetence. If, for example, defendant showed on the motion for new trial that the guard’s testimony would have been that he or she so thoroughly searched defendant that defendant could not have had a marijuana cigarette on his person, that testimony might well have been preferable to present to the jury rather than the general testimony of routine searching and patting down. But if all the guard could testify is that he or she routinely searched, not so thoroughly as to insure that defendant could not have had a marijuana cigarette, then that testimony would add nothing to the evidence already before the jury.
Thus defendant does not show that trial counsel committed an essential error of judgment in either regard, much less that any such error prejudiced him, as required by State v. Berry, 430 So.2d 1005 (La.1982), before a conviction can be set aside for lack of effective counsel.
Defendant third argues that the state did not prove beyond a reasonable doubt all elements of the offense. Defendant’s brief charges that the deputy testified that defendant “and his son did not move from the front of the cell; therefore, they could not have concealed the contraband in the window sill.” That is a mistaken view, for the deputy testified that on seeing defendant pass the cigarette through the screen he left to call his superiors and was *753 gone a total of two and a half minutes. During the time he was gone, of course, the deputy could not see defendant and his son. Given the positive eyewitness testimony that the defendant passed a hand-rolled cigarette through the screen to his son, the jury could reasonably have inferred, as the most reasonable explanation of the cigarette’s presence on the window sill, that defendant’s son placed it there during that time.
Defendant’s fourth argument is that new trial should have been granted because at the hearing on the motion for new trial an apparently respectable citizen, employed 19 years at a university book store, testified that his nephew (also a sheriff’s deputy) told him that he overheard the eyewitness deputy say that he really saw nothing pass from the defendant to the incarcerated son. But that witness’s nephew testified that he never told his uncle that story, although he knew that his uncle misunderstood him. The problem with the uncle’s testimony is what effect it could conceivably have on a jury if presentable. If the defense had presented at the trial the nephew’s testimony for the purpose of impeaching the eyewitness but the nephew did not impeach the eyewitness, could the defense then present the uncle’s testimony (a) to impeach the nephew with his prior inconsistent statement? (b) to prove the truth of the nephew’s prior inconsistent statement? State v. Allien, 366 So.2d 1308 (La.1978), held prior inconsistent statements inadmissible as evidence of the truth of their content, in the context of an attempt to prove defendant’s guilt by proving out-of-court statements by witnesses who in court concede they made the statement but deny their truth. And it is a far leap to suppose that a jury could believe the uncle, and therefore disbelieve the nephew’s sworn testimony (that he did not make the unsworn statement), yet believe the content of the nephew’s unsworn statement and therefore disbelieve the eyewitness. One of the requisites for a new trial based on newly discovered evidence is that “it must be of such a nature that it would probably produce an acquittal in the event of retrial,” State v. Talbot, 408 So.2d 861, 884 (La.1983). We cannot say that of the evidence on which defendant based his motion for new trial.
Defendant’s fifth argument is that the ends of justice would be served by granting new trial, La.C.Cr.P. 851(5), because of the new evidence just discussed. That article allows the trial judge to grant new trial on that basis “although the defendant may not be entitled to a new trial as a matter of strict legal right.” But appellate courts may not review refusal of new trial “except for error of law,” C.Cr.P. 858, and we find none.
Affirmed.