526 So.2d 1261 (1988)
STATE of Louisiana
v.
John JACKSON.
No. CR87-294.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*1262 Louis Vogt, Indigent Defender, Jonesville, for defendant-appellant.
Jerry Humble, Asst. Dist. Atty., Harrisonburg, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
DOMENGEAUX, Judge.
On February 25, 1986, the defendants, John Jackson and Gloria Mays were charged separately by bill of information as accessories after the fact to burglary, a violation of La.R.S. 14:25. The defendants waived their right to a jury trial and were tried jointly before the District Judge on September 23, 1986. Both defendants were found guilty. Defendant Jackson was sentenced to serve three years at hard labor, to run consecutively to any other prior sentence. Defendant Mays was sentenced to serve three years at hard labor. Her sentence was suspended and Ms. Mays was placed on three years probation. Both defendants were ordered to pay restitution to the victim. The defendants have appealed their convictions based on one assignment of error.
Since both defendants raise the identical issue on appeal, this opinion will address the issue raised by both defendants. However, because the defendants have appealed separately, we will render a separate opinion in the case entitled State v. Mays, 526 So.2d 1263 (La.App. 3 Cir.1988), based on the reasons herein.

FACTS
On January 27, 1986, Peter Evans (a/k/a Peter Mays) burglarized Big John's Burgers, in Jonesville, Louisiana. A bank bag containing approximately $400.00 was stolen. After the burglary, Peter Evans returned to his mother's home. At that time, his mother, defendant Gloria Mays, was living with the defendant John Jackson.
After Peter Evans was arrested for the burglary of Big John's Burgers, he inculpated both defendants in the crime. During the investigation of the robbery, defendant Jackson waived his rights and gave a statement to the police. He stated that Peter Evans woke him up after the burglary, informed him and Gloria Mays of the crime, and all three then divided the money. He also stated that, at Gloria's request, he burned the bank bag and that he and Gloria bought liquor with their share of the money.
Defendant Gloria Mays, was also questioned by the police. For the most part her story paralleled her co-defendant's statement except that she stated that they bought groceries with the money. However, at one point during the taking of her statement, she asked for an attorney and all questioning stopped.
The defendants had been notified pursuant to La.C.Cr.P. art. 768 of the State's intention to introduce their confessions. At the trial, the State called Peter Evans as a witness, who proceeded to change his testimony not only from his original statement made to the police, but even from his testimony given prior to the trial lunch break. The Trial Judge allowed the prosecution to impeach Peter Evans' testimony with his prior inconsistent statement.
In contradiction of their prior confessions, both defendants testified at trial that neither knew that Peter had stolen the money, until after they had spent the money on groceries the next day. They denied the veracity of the statements they gave to the police. Deputy Blunschi, the officer to whom the defendants gave their prior statements testified in rebuttal. The Trial Judge considered the trial testimony of the defendants and Peter Evans non-credible *1263 and found both defendants guilty. This appeal has followed.

ASSIGNMENT OF ERROR
The defendants maintain that the Trial Court erred in finding them guilty because no substantive evidence of their guilt was presented at the trial. The defendants argue that under State v. Allien, 366 So.2d 1308 (La.1978), their confessions did not constitute substantive evidence and, as such, the State presented insufficient evidence to support the conviction.
The defendants' argument has no merit. In Allien, supra, two witnesses had given statements to the police implicating the defendant. At the trial, these same two witnesses recanted their prior statements and the State was allowed to impeach the witnesses by introducing their prior statements. These prior statements constituted the only evidence which implicated the defendant. When prior inconsistent statements are introduced in order to impeach the credibility of the witness, they are non-hearsay as they are not being offered to prove the matter asserted therein. G. Pugh, Louisiana Evidence Law, p. 393 (1974). Hence, prior inconsistent statements used as such cannot be substantive evidence. The Court in Allien, ruled that since these prior inconsistent statements constituted the only evidence implicating the defendant, and since these statements were not substantive evidence as they were introduced only for impeachment purposes, the State failed to present sufficient evidence to sustain the defendant's conviction.
In this case both defendants gave statements to the police confessing their involvement as accessories to the burglary in question. Unlike prior inconsistent statements offered to impeach a witness, the introduction of a confession into evidence is offered to prove the matter asserted therein. However, while confessions are hearsay, they are admissible under a well established exception to the hearsay rule. State v. Godeaux, 378 So.2d 941 (La.1979); State v. Walker, 344 So.2d 990 (La.1977); State v. Butler, 302 So.2d 585 (La.1974). Therefore, unlike the defendant in Allien, supra, the defendants here were convicted by substantive evidence, their confessions which were admissible hearsay.
Additionally, the State gave notice of its intention to introduce the confession as is required by La.C.Cr.P. art. 768. The defendants did not object to the introduction of the statements on the grounds that they were not voluntarily given. A Trial Court ruling on the admissibility of the confession is entitled to considerable deference and will not be disturbed unless not supported by the evidence. State v. Harper, 430 So.2d 627 (La.1983).
For the foregoing reasons, the defendants' convictions are affirmed.
AFFIRMED.