1BYRNES, J.
Patrick Straughter appeals his conviction and sentence for forcible rape as a multiple offender. We affirm.

STATEMENT OF FACTS

The victim, A.M., was eight years old at the time of trial. She testified that on two occasions, when she was four, her father took her to where he was living, put vaseline on her, and inserted his penis into her vagina. He made her promise not to tell anyone. She kept that promise for two years. Then one day, when her mother told her she would be visiting her father again, the victim became very upset and told her mother what her father had done. The incidents were then reported to the police, and the victim was examined at the sex abuse clinic at Children’s Hospital. The examining physician testified that the victim’s physical examination revealed a gap in the posterior'rim of the vagina and a decreased amount of tissue. The examination further revealed that the gap was smoothed off, indicating that the trauma to the area was not recent.
Several of the Straughter’s friends and relatives testified that they cared for the victim while Straughter was at work, and observed nothing to indicate that Straughter was abusing the victim, or that she was frightened of him. Straughter took the stand and testified that he would never sexually abuse his daughter.
kOn April 28,1994, Straughter was indicted for aggravated rape, a violation of La.R.S. 14:42. Following trial on February 6 and February 8, 1996, a jury found him guilty of the lesser charge of forcible rape. Straughter’s motion for new trial was denied prior to sentencing. On February 22, 1996, Straughter pled guilty to the multiple bill and was sentenced to serve sixty years at hard labor, without benefit of probation, parole or suspension of sentence, as a multiple offender. This court transferred Straughter’s writ application to the district court, and Straughter’s motion is treated as an out-of-time appeal.

ERRORS PATENT REVIEW

A review of the record for errors patent indicates that there were none.

ASSIGNMENT OF ERROR BY COUNSEL

Patrick Straughter argues that the trial court erred in submitting the verdicts of forcible rape and attempted forcible rape to the jury when no evidence existed to support those charges. The responsive verdicts permitted by statute to the offense of aggravated rape are: guilty, guilty of attempted aggravated rape, guilty of forcible rape, guilty of attempted forcible rape, guilty of sexual battery, guilty of simple rape, guilty of attempted simple rape and not guilty. La. C.Cr.P. art. 814(A)(8). Article 814, at paragraph C, further provides:
Upon motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
Comment-1985 to Article 814 provides:
(a) The 1985 amendment to Paragraph C incorporates the result in State v. Henry, 449 So.2d 486 (La.1984) and State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982). Elaire (a plurality opinion) held bthat defendant’s failure to object to the sufficiency of evidence to support a responsive verdict precluded defendant from objecting successfully to sufficiency of evidence to support the responsive verdict as long as the evidence was sufficient to support a. conviction for . the offense charged. The court noted the addition of Paragraph C. The standard for review under Elaire is the Jackson standard (Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)), not the “no evidence” standard. Therefore, the substitution of language was recommended.
(b) In Henry, the trial court on its own motion decided to strike the responsive verdict as unsupported by the evidence. The supreme court affirmed. This amendment merely recognizes that authority.
*1286 (c) Under the rationale of Elaire, if defendant moves to strike or delete a responsive verdict which is not supported by the evidence, the motion must be granted.
In assessing the sufficiency of evidence to sustain a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In Elaire, the court distinguished between “lesser and included grades” of the charged offense and “legislatively responsive offenses.” Lesser and included grades of the charged offense are those in which all essential elements of the lesser offenses are also essential elements of the greater offense charged; thus, evidence which would support conviction of the charged offense would necessarily support conviction of the lesser and included offenses. On the other hand, in legislatively provided responsive verdicts, which are not truly lesser and included grades of the charged offense, evidence which would support conviction of the greater offense would not necessarily support conviction of the legislatively responsive offense.
[¡In the present case, the evidence was sufficient to support a finding of aggravated rape, in that the victim testified that Straughter penetrated her “private” with his “private” and, she was only four years old at the time. However, Straughter moved to strike or delete the responsive verdicts of forcible rape, attempted forcible rape, simple rape and attempted simple rape, on the grounds that the evidence did not support any of those verdicts. The State agreed that simple rape and attempted simple rape were not supported by the evidence, but argued that there was sufficient evidence to support verdicts for forcible rape or attempted forcible rape. The trial court agreed with the State, and permitted the jury to consider the legislatively responsive verdicts of forcible rape and attempted forcible rape.
Forcible rape is a rape in which the victim is prevented from resisting by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape, or when the victim is incapable of resisting or understanding the nature of the act due to a drug-induced stupor from a substance administered by the offender without the knowledge of the victim. La.R.S. 14:42.1. In the present case there was no testimony or other evidence relative to the defendant having administered any drug to the victim. The defendant avers that there was also no evidence of force or threats.
Straughter avers that the victim made no specific allegation of force or threats. She testified that she promised not to tell anyone, but did not testify as to any threat if she broke this promise. Straughter further notes that the testimony from the victim’s mother is admissible as the first report only if it is consistent with the testimony of the victim. Otherwise, it is ordinary hearsay. La.C.E. art. [,801(D)(l)(d). This first report of a sexual assault by a victim under twelve is admissible as a hearsay exception only if the declarant is unavailable. La.C.E. art. 804(B)(5).
In State v. Allien, 366 So.2d 1308 (La.1978), the Louisiana Supreme Court held that hearsay alone to which there is no objection may not be used to affirm a conviction attacked on sufficiency grounds. In that case, the defendant was convicted of distribution of marijuana to persons under the age of eighteen. The supposed recipients testified and denied having received marijuana from the defendant, although they admitted having accused him earlier. Without objection, police officers testified to prior statements made by the supposed recipients that the defendant had distributed marijuana to them. The Louisiana Supreme Court stated:
... In the ordinary case hearsay evidence not objected to constitutes substantive evidence. (References omitted.) Nonetheless in a case such as this a defendant should not be convicted on the strength alone of the unobjected to testimony of the two police officers concerning accusatory prior statements of witnesses which are recanted by those same witnesses at trial. *1287 The hearsay in this case is much too unreliable to serve as the exclusive evidence prompting the defendant’s conviction simply on the strength of his failure to lodge a contemporaneous objection.
Id., 366 So.2d at 1311.
This rule that the hearsay evidence is inadmissible even though there was no objection only applies if the hearsay testimony is the exclusive evidence of the offense or an essential element thereof and is contradicted at trial by the sworn recantation of the out-of-court declarant. Id..., 366 So.2d at 1312.
In the present case, the victim testified that Straughter placed her on top of him when he put his penis in her, whereas the victim’s mother testified that the victim told her Straughter got on top and put his hand over the victim’s mouth fcwhen he penetrated her. Straughter notes that the first report, as testified to by the victim’s mother, is different from the victim’s testimony. The victim was available and did testify so that the first report to the mother was hearsay, but the testimony was admitted without objection.
The victim in this case did not specifically contradict her mother’s testimony relative to Straughter’s holding her down and placing his hand over her mouth. In addition, the victim’s testimony was consistent with her mother’s testimony as to what provoked the first report, that she did not want to go back to visit her father. The hearsay evidence was not contradicted at trial by the sworn recantation of the out-of-court declarant. Further, there was medical testimony supporting the fact that the child had been raped. The conviction was not based on the hearsay evidence alone. Therefore, the hearsay testimony was admissible as substantive evidence of the crime where there was no objection raised.
The distinction between aggravated and forcible rape is the degree of force employed and the extent to which the victim resists. State v. Turnbull, 377 So.2d 72 (La.1979). There is no hard rule for distinguishing between the two, and each case must be decided on its facts. State v. Thibodeaux, 94-605 (La.App. 3 Cir. 12/7/94), 647 So.2d 525. Generally, the size and age of the defendant and the nature of the act alone are not sufficient to meet the element of force required in the act of forcible rape. State v. Papillion, 467 So.2d 136 (La.App. 3 Cir.1985). In that case, the victim and the perpetrator were males. The defendant was an adult, and the victim was thirteen years old.
However, in the present case the victim was a girl who was only four years old at the time of the alleged rape. The perpetrator was her father. Under these circumstances, it can be concluded that the child would have been small enough [for the father to overpower her regardless of whether she resisted. The child testified that Straughter pulled down her shorts on one occasion, and pulled up her nightgown on another occasion. She stated that the defendant “placed” her on top of him. He used force to carry out his plans. She did not tell about the incident because: “He made me promise never to tell anyone.”
She further testified that when her father penetrated her it felt “bad.” The jury could infer from this testimony by the victim, and the difference in the size and age of the victim and the defendant, that the victim was “forced” to submit, although she was not verbal enough to express it directly. The evidence regarding the element of force and the subjective state of mind of the victim, when viewed together with all of the other evidence, was sufficient to support the conviction for forcible rape. Considering the age and size of Straughter and the four-year-old victim, along with the victim’s testimony, the facts were sufficient to show force necessary to prove that the rape was forcible under the totality of circumstances. Viewing all of the evidence in a' light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of forcible rape, La.R.S. 14:42.1, beyond a reasonable doubt. The trial court properly included the forcible rape responsive verdict.

PRO SE ASSIGNMENT ONE

Straughter argues that he was denied equal protection due to a racially discriminatory system of selecting Orleans Par *1288 ish grand jury forepersons. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.C.Cr.P. art. 841. The trial transcript indicates that no objection was made during voir dire or prior to the opening statement, relative to any irregularity in the indictment, nor was a motion to quash the indictment [filed. Accordingly, this alleged error was not preserved for review on appeal.

PRO SE ASSIGNMENT TWO

Straughter argues that the trial court erred in allowing the State to invoke criminal jurisdiction by an indictment which failed to charge crucial elements of the offense. There was no objection to this alleged irregularity prior to trial. In addition, the indictment follows the specific indictment form for aggravated rape provided by La. C.Cr.P. art. 465(A)(39). The indictment additionally provides the victim’s date of birth. However, the inclusion of additional facts does not affect the sufficiency of the specific indictment form authorized by the statute. La.C.Cr.P. art. 465(B). The indictment was sufficient.

PRO SE ASSIGNMENT THREE

Straughter contends that he was denied effective assistance of counsel on appeal due to an incomplete trial record. Straughter specifically complains that the record failed to contain voir dire, closing arguments and jury instructions.
Where the record includes a complete transcript of the. evidentiary portion of the trial, the appellant’s “constitutional right to a judicial review of all evidence” has not been compromised. State v. Thomas, 92-1428 (La.App. 4 Cir. 5/26/94), 637 So.2d 1272, writ denied, 94-1725 (La.11/18/94), 646 So.2d 376, certiorari denied, 514 U.S. 1054, 115 S.Ct. 1437, 131 L.Ed.2d 317 (1995). As to other portions of the record not transcribed, where there were no contemporaneous objections, the errors were not preserved for appeal. State v. Harrison, 627 So.2d 231, 233 (La.App. 4 Cir.1993).
The record in the present ease was supplemented on December 18, 1998 with the transcript .of the entire jury instructions, which included the defense objection to the inclusion of specific responsive verdicts. The trial transcript filed [with the record contained all objections to the voir dire, opening statements, and closing arguments. Straughter was not prejudiced by the failure of the court to furnish complete transcripts of these non-evidentiary portions of the trial; nor was appellate counsel precluded from making a full review of the case.

PRO SE ASSIGNMENT FOUR

Straughter asserts that several off-the-record unrecorded bench conferences deprive him of his right to review rulings made by the trial court. Straughter was represented by the same appointed counsel at trial and on appeal. Thus, if counsel had objected, and the objection was not noted for the record, counsel had the opportunity to note the objection on appeal. Where there was no objection, any' error was waived. Straughter was therefore not denied his right to appellate review for the failure of the court to provide a transcript of these off-the-record bench conferences.

PRO SE ASSIGNMENT FIVE

Straughter complains that the prosecutor improperly vouched for the credibility of State witnesses. He avers that neither he nor appellant counsel may adequately argue this assignment because the closing arguments were not transcribed. As noted above, the transcript indicates that no objections were made during closing arguments. Thus, any errors for improper remarks by the prosecutor were waived.
Accordingly, Straughter’s conviction and sentence for forcible rape as a multiple offender are affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.