EDWIN A. LOMBARD, Judge.
liThe juvenile, L.V.,[1] challenges his adjudication as a delinquent for the offenses of illegal possession of a handgun and criminal trespass, arguing both insufficient evidence and ineffective assistance of counsel. After review of the record in light of the applicable law and arguments of the parties, we find the evidence sufficient but vacate the adjudication based on ineffective assistance of counsel.

Relevant Facts and Procedural History

In the early morning hours of June 21, 2013, Mr. Ulysses Santiago had an altercation with L.V., his wife’s son. After Mr. Santiago called the New Orleans Police Department (NOPD), L.V. left the house. When the NOPD officers arrived, L.V. was not in the vicinity. However, after they departed Mr. Santiago looked out his window and saw L.V. with a handgun. Accordingly, Mr. Santiago called the NOPD a second time and, subsequently, L.V. and another individual were taken away. Later that day, Mr. Santiago found the gun in his backyard and, after L.V. returned demanding its return, Mr. Santiago called the NOPD a third time. When Officer Shawn Madison arrived, Mr. Santiago turned the gun over to him and an arrest warrant was issued for the juvenile.
|2L.V. was charged with criminal trespass and illegal possession of a handgun by a juvenile. The matter was initially set for adjudication on August 15, 2013. On *459 that date, it was continued until September 5, 2013, but because Mr. Santiago failed to appear for the hearing, the juvenile judge issued a warrant for Mr. Santiago and granted the State’s motion to nolle prose-qui The State reinstituted charges and the hearing was set for September 30, 2013. After opening arguments on September 30th, the hearing was reconvened on October 17, 2013. On that date, the State presented the testimony of Officer Madision and Officer Leslie Guzman and the juvenile court adjudicated L.V. delinquent on both charges.

Sufficiency of the Evidence

When sufficiency of the evidence is challenged on appeal, we first consider that claim to determine if, under the Jackson v. Virginia[2] standard, viewing the evidence in the light most favorable to the prosecution, sufficient evidence supports the adjudication.
The following evidence was adduced at the hearing. Officer Madison testified that he was dispatched to 7929 Morrison Road where Mr. Santiago told him about the earlier altercations with L.V. and interactions with the police. According to Officer Madison, Mr. Santiago told the police during the initial visit that “my son [L.V.] always has a gun on him” but conceded to them that he had not actually seen the gun in L.V.’s possession during the first altercation. However, after the police left, L.V. returned “with somebody else, and that this time, [Mr. Santiago] physically saw him with a gun in his hand” so he called the police again and “advised the dispatcher that now he physically see him with a firearm.” The police came and “transported [L.V.] and the other gentleman somewhere else.” |sThe following day, Mr. Santiago went into his backyard and “saw the gun laying on the side of the house” and, “because his grandchildren frequently play in the yard” Mr. Santiago unloaded the gun and brought it into the house. Shortly thereafter, L.V. returned and “they get into an altercation about where the gun was.” L.V. left when Mr. Santiago threatened to call the police again and, according to Officer Madison’s testimony, “That’s when I got there.” According to Officer Madison, when he arrived at Mr. Santiago’s residence, he took possession of the gun, a 40-caliber Taurus, which he identified as State’s Exhibit 1, and applied for an arrest warrant for L.V.
Officer Guzman identified L.V. in court and testified that she arrested L.V. on July 11, 2013, pursuant to the arrest warrant.
In closing, defense counsel moved for a directed verdict, pointing out that the State failed to offer eyewitness testimony as to L.V. being in possession of the weapon. The State responded that, as there was no contemporaneous objection to the Officer Madison’s testimony as to what Mr. Santiago related to him, Officer Madison’s testimony was of evidentiary value and, therefore, sufficient to adjudicate L.V. on the charges.
On appeal, counsel for the juvenile concedes that hearsay evidence to which no objection is lodged constitutes substantive evidence of guilt but argues that hearsay evidence alone should not support an adjudication of delinquency. In support, counsel points to the exception carved out by the Louisiana Supreme Court in State v. Allien, 366 So.2d 1308 (La.1978), wherein the “unobjected to hearsay which is the exclusive evidence of a defendant’s guilt of the crime or an essential element thereof, and where contradicted at trial by the sworn recantation |4of the out-of court de-clarant, is not evidence at all.” According to counsel, by carving out this exception the Louisiana Supreme Court has “flirted *460 with the possibility of altering the requirement that there be a sworn recantation of the hearsay testimony” and therefore this court should overturn the adjudication because a rational trier of fact, based solely on hearsay evidence, would not have “believed that L.V. was trespassing when he came to the home where his mother, listed as his guardian in the petition, and stepfather lived.”
This argument is not persuasive. Although Mr. Santiago subsequently decided not to testify against his step-son, nothing in the record indicates that Mr. Santiago sought to recant his statements to the police or otherwise contradicted the veracity of his initial statements. Therefore, viewed in the light most favorable to the prosecution, Officer Madison’s recitation without contemporaneous objection of the Mr. Santiago’s statement that he saw the juvenile in actual possession of a gun is sufficient to support the adjudication.[3]

Ineffective Assistance of Counsel

Next, L.V.’s appellate counsel argues that his counsel’s error in failing to object to the testimony of Officer Madison was so egregious as to be a denial of his Sixth Amendment right to counsel. We agree. Specifically, trial counsel failed to object to the hearsay testimony of Officer Madison, the only evidence submitted by the State to support L.V.’s adjudication and, in so doing, allowed it to come in as substantive evidence. But for this hearsay evidence, there is no evidence of the juvenile’s possession of a handgun. This was clearly not, as the State tries to |-suggest, trial strategy. Further, trial counsel failed to object to the imposition of consecutive and excessive dispositions or to the fee assessment above the statutory maximum. The record before us clearly indicates that, pursuant to Strickland v. Washington,[4] trial counsel’s performance was egregiously deficient and that deficient performance prejudiced L.V.’s defense.

Conclusion

Based on ineffective assistance of counsel, we vacate the juvenile’s adjudication as a delinquent for the offenses of trespass and possession of a firearm.
ADJUDICATION VACATED.
McKAY, C.J., dissents.
LOBRANO, J., concurs in the results.

. As is customary, we use the juvenile’s initials to protect his identity.

. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

. Notably, although the imposition of consecutive terms of secure care is assigned as error by appellate counsel (and conceded by the State), the sufficiency of the evidence underlying the adjudication for the offense of trespass is not contested on appeal. However, the record clearly shows that counsel was ineffective, supra, thus requiring that the adjudication be vacated. Therefore, further discussion of errors is pretermitted.

. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984).